JOSHUA BRUNSON v. VOLUNTEER CARRIAGE COMPANY.

[47 South. 377.]

REPLEVIN.   *Evidence.   Burden of proof.   Conditional sales.*

Where a seller, reserving title to goods as security for the unpaid
purchase money, gave the possession thereof to the buyer and
afterwards brought replevin therefor, the burden of proof was
on him to show (1) his right to the identical property for which
he sued and (2) that the purchase money was unpaid.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

The Carriage Company, appellee, was plaintiff in the court
below; Brunson, appellee, was defendant there.   From a judg-
ment in plaintiff's favor the defendant appealed to the supreme
court.

The appellee instituted this, its suit in replevin before a jus-
tice of the peace; the affidavit charging that the defendant.
wrongfully detained a No. 379 runabout in leather seat,.
trimmed with 7/8 rubber tires, of the value of $83." The
justice of the peace issued a writ · describing the property as:
above, and at the trial the plaintiff, in order to show its right
of possession to the property, introduced over the objections of
the defendant, first, a note dated December 15, 1907, for
$135.60, payable January 15, 1908, to the order of the Volun-
teer Carriage Company, at the First National Bank, Meridian,.
Miss., said note stipulating that it was for the purchase of the
Anderson vehicle· rubber-tired runabout and a six passenger
Wagner Orlander," and provided that the ownership of the
property should not pass from the Volunteer Carriage Company
until said note was paid in full. This note was signed, "Hall
Livery & Transfer Company, per H. J. Grandberry." Plain-
tiff introduced an order signed by Hall Livery & Transfer Com-
pany, addressed to the Volunteer Carriage Company, dated
May 4, 1907, requesting the shipment of certain vehicles listed
and containing the following clause: "It is agreed that note in
accordance with the above will be given, payable at Southern
Bank, or said account becomes immediately due and payable."
The note was to be made payable four months from date. · The
description is "a No. 379, 7/8 rubber," $83, followed by some
unexplained vague abbreviations.

The justice of the peace gave judgment for plaintiff and de-
fendant appealed to the circuit court where a trial *de novo* was
had resulting as above stated.

*Amis & Dunn,* for appellant.

The burden of showing title or the right of possession to the
identical property in question was certainly on the plaintiff,
and that it failed to meet this requirement is perfectly manifest
from the record.

The note shows on its face that it was not given for the pur-

chase price of the buggy described in the affidavit because it appears to have been executed for an Anderson vehicle rubber-tire runabout, and a six passenger wagon, and there was no evidence introduced or offered to be introduced to show that the Anderson vehicle rubber-tire runabouts mentioned in the note was the buggy involved in this suit. It would have been competent for the plaintiff, if the note had failed to describe any buggy, to have introduced evidence *aliunde* to show that the note was given for the purchase price of the property being sued for, but no such evidence was offered; besides, the note shows, on its face, that it was given for different vehicles from the one here sued for, and for that reason, the same was incompetent, and should have been excluded. Certainly it should have been excluded, without evidence *aliunde,* showing that the buggy in question was the one attempted to be described in the note. The evidence fails to show that the Volunteer Carriage Co. sold the buggy in question to any one.

*F. V. Brahan,* for appellee.

The order makes the sale of the vehicle replevied from Brunson a "conditional sale," and the description of the vehicle, price, etc., is sufficiently definite to identify it; and this proof by the note and order, and the testimony of the officer who found the identical property in the hands and possession of Brunson, who afterwards bonded it, clearly established the *"prima facie"* case, and it was then incumbent on Brunson, to refute such proof, by showing a superior title, or otherwise. The law of "Conditional Sales," is too well settled and understood in this state, to require citations.

WHITFIELD, C. J., delivered the opinion of the court.

The plaintiff had the burden of showing the right of possession to the identical property in question, and we think it failed to meet this requirement. It seems clear that the note for $135.60 was not given for the purchase money of this particular

buggy; nor is there any satisfactory evidence that the Anderson vehicle rubber-tired runabout mentioned in the note was the buggy involved in this suit. The note was given for different vehicles from the one here sued for, so far as the testimony discloses.

The order that was introduced does not describe the buggy as the one in the affidavit is described, and in the writ. It may be conceded that the vehicle sued for was sold for $83, and that it was the one described as "No. 379;" but that falls far short of identifying the buggy in question as that buggy. The purchase price of the vehicle in the order is made payable at the Southern Bank; but no relation is shown between the order dated May 4, 1907, and the note dated December 15, 1907. The note is payable for a different amount and at the First National Bank of Meridian, and was given for a buggy and a passenger wagon, both presumably sold on the date of the note—December 15, 1907. The order provides for a note payable four months from May 4, 1907, for the sum of $83, payable to the Southern Bank, and due four months from May 4, 1907. The note for $135.60 was doubtless introduced to show that the Hall Livery Company owed the Volunteer Carriage Company that amount; but, according to the face of the note, it was given for different vehicles than the buggy in question. It was incumbent on the plaintiff to show that the buggy in question has not been paid for.

There is also a failure to show that the Volunteer Carriage Company sold this buggy in question to the Hall Livery Company. The plaintiff attempted to show it by Culpepper, but wholly failed. It is impossible, on this sort of proof, to affirm this decision.

*Reversed and remanded.*