JOHN E. DENNIS, TRUSTEE, *v.* JOHN ROBINSON.

[61 South. 597]

REPLEVIN.    *Evidence.    Indentification.*

In an action of replevin by the trustee under a deed of trust for the property covered by the deed he cannot recover unless he identifies the property seized as being the same as that included in the deed of trust.

APPEAL from the circuit court of Leflore county.
HON. P. C. CHAPMAN, Special Judge.

Replevin by John E. Dennis, trustee, against John Robinson. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

The note and deed of trust affirmatively shows the conditions of the deed of trust had been broken, and the plaintiff was entitled to the immediate possession of the property enumerated in the deed of trust. It seems every material fact required by section 4214, Code 1906, was affirmatively shown and proven.

While the record does not show a demand was made upon the defendant for the property before the writ was sued out in this cause, yet such a demand was made, and refused. The conditions in the deed of trust had been broken, and the defendant claimed title to the property. The deed of trust showed the title to be in the defendant until after the conditions in the deed of trust had been broken. It was not necessary to prove a demand of the defendant for the property, and his refusal, the record evidence showing the title, that is, the legal title, was in the defendant, and he having executed his replevin bond for the identical property taken under the power of the writ of replevin. Under such conditions, a demand was unnecessary. *Dearing* v. *Ford,* 13 Smed. & M. 269; *Newell* v. *Newell,* 34 Miss. 385; *Morris* v. *Buck,* 62 Miss. 76; *Whittington* v. *Watkins,* 1 Miss. Dec., 81; *George* v. *Hewlett,* 70 Miss. 1, 12 So. 855, 35 Am. St. Rep. 626.

To maintain the action of replevin, the plaintiff must be entitled to the immediate possession of the property as enumerated in the affidavit and writ. *Buck* v. *Payne,* 52 Miss. 27.

Who has the right to maintain this suit? Manifestly it is the trustee named in the deed of trust. The property is transferred to him in trust, and when the conditions of the deed of trust in which he is trustee are broken;

when the debt becomes due and is not paid, then it is the duty of the trustee to take charge of the property offered and given as security, advertise it for sale, sell it, pay the expenses of the execution of the trust, pay the debt, interest and attorneys, if any, and pay the remainder, if there be any, to the party who executed the deed of trust, cancel and satisfy the record as to the deed of trust, and, if any suit is to be instituted, if the party who executed the deed of trust refuses to give up the property given as security, it is the duty of the trustee to institute replevin for same, and he must be a party to the suit. This is what the trustee endeavored to do in this case. *First National Bank* v. *Cook Carriage Co.*, 70 Miss. 587.

*Gardner & Whittington*, for appellee.

The judgment of the court below was correct. The court could not do otherwise than direct a verdict for the defendant. The plaintiff did not prove jurisdictional facts that would warrant a judgment in his favor. The court will search the record in vain to find a scintilla of testimony giving the court below or the justice court in which this cause originated jurisdiction. The affidavit averred that the property was unlawfully detained in district three of Leflore county, Mississippi. It devolved upon plaintiff to show that the defendant lived in district three, or that at least some of the property involved was found in district three of Leflore county. The plaintiff introduced no testimony whatever as to the location of the property, or as to the residence of the defendant. This is absolutely essential in order to give the court jurisdiction. *Turner* v. *Lily,* 56 Miss. 576; sec. 4216, Code of 1906. The court, therefore, properly sustained the motion to exclude on the first ground which was the averments of the affidavit and writ had not been proved. In other words, the plaintiff did not prove the jurisdictional facts necessary, or the jurisdictional facts averred in his affidavit.

As we have already stated, the cotton delivered by the defendant Robinson, to the R. T. Jones Company, together with the credit of two hundred and forty-seven dollars and forty-two cents, more than paid the note amounting to three hundred and forty-seven dollars. The plaintiff did not introduce an open account, or any kind of an account, against the defendant. The deed of trust introduced secured the note, and it also secured an open account, but it was necessary for the plaintiff, in the court below, to introduce some kind· of an account before the cause of action against the defendant would be made out. The mere introduction of the deed of trust is not sufficient. It is merely the security for the indebtedness. The indebtedness, in addition to the note, could only be proved by the introduction of an account. The plaintiff utterly failed to prove any indebtedness against the defendant in addition to the three hundred and forty-seven dollars and twenty cents, and inasmuch as the testimony shows that the defendant had paid at least three hundred and forty-seven dollars and twenty cents, the plaintiff had no cause of action against John Robinson, and the motion to exclude was properly sustained on this ground.

We have already pointed out that at the time this suit was instituted in the justice court, and at the time it was tried in both the justice and circuit courts there was no such corporation as the R. T. Jones Company. The testimony showed that the R. T. Jones Company had not been dissolved, as claimed by the appellant, but that the charter had been amended, and that the corporation formerly known as the R. T. Jones Company is now known as Sterne Brothers & Company, the name of the corporation having been changed by amendment. The testimony further showed that Stern Brothers & Company, the present name of the corporation, formerly known as the R. T. Jones Company, has no claim what-. ever against Robinson, the appellee, and that this suit was instituted without its knowledge or consent. As we

have already stated, section 913 of the Code of 1906 has no application. The testimony introduced by the plaintiff showed conclusively that Stern Brothers & Company is claiming no amount whatever against Robinson, the appellee, and the testimony further shows that there is no such plaintiff as the R. T. Jones Company. The third ground in the motion to exclude is supported absolutely by the evidence of the plaintiff.

REED, J., delivered the opinion of the court.

This is an action of replevin to recover certain personal property included in a deed of trust given to secure a note upon which there was a balance due. Upon the trial, plaintiff introduced the deed of trust and note; but he wholly failed to prove in any way that the property levied on was that described in the deed of trust. He did not identify the property as that to which he had a right to recover under the lien of the deed of trust.

It is necessary in an action of replevin to show that the property levied on and taken in possession by the officer executing the writ was that which the plaintiff was entitled to recover in the suit brought. The trial court did not err in rendering the judgment for defendant because of the absence of the necessary proof to so identify the property.

*Affirmed.*