## Mock *v.* Hines, *Director General.*

[87 South. 423, No. 21463.]

TRIAL.   *Party suing for blocking of crossing cannot testify to length of blocking in rebuttal.*

Where a suit for personal injury is predicated upon blocking a crossing for more than the statutory period, and the plaintiff testifies as· to the injury and introduces an ordinance prohibiting the blocking of a street crossing for more than five minutes, but fails to testify in his chief examination that the crossing was blocked longer than five minutes, he is not entitled to testify to such fact in rebuttal by reason of section 1985, Code of 1906 (Hemingway's Code, section 1645).

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Action by N. B. Mock against Walker D. Hines, Director General (Illinois Central Railroad Company). From a judgment for defendant, plaintiff appeals. Affirmed.

*J. A. Cunningham,* for appellant.

In March, 1917, the appellant sought to pass from one side of the public street to the other in the village of Holcut, Mississippi, which had an ordinance against blocking the highway by railroad cars for longer than five minutes at any one time. His evidence tends to show that the railroad company stopped its train over the highway and remained there for considerably over five minutes; some making it even as much as twelve or fifteen minutes, and that appellant was actually detained this length of time by the said wrongful blocking. At the end of this time he undertook to pass over the bumpers between the cars, after exercising care to see that no efforts were made to start the train. The train did, however, suddenly start, catch and crush one of appellant's feet, and did injure him severely.

He brought his suit and demanded judgment of the defendant company for the amount of his injuries, and on the trial of this cause in the circuit court of Tishomingo county, Mississippi, August Term, 1918, he merely proceeded to show his injury by a moving train and the extent of his damage, and then closed as was his right to do under section 1645, Hemingway's Code 1917.

The appellee railroad company then proceeded to exonerate itself by offering proof which tended to show that they did not block the road for an unlawful or unreasonable length of time, and were not negligent in any way, and thereupon closed their defense. Then to rebut this evidence offered by the appellees, the appellant offered the witness Preslay Nixon to prove that the company did block the highway for some ten or twelve minutes, and offered the witnesses Felker, McAnally, Mock and others to prove the same matters to rebut the defense of the railroad, but for some cause not warranted by good procedure, the trial judge excluded all this evidence and directed a verdict for the defendant, the appellee, here.

The law was pronounced by the above statute, and the citations of authorities thereunder requires nothing, as we construe it and understand it, of a plaintiff than to show actual injury and damage by a running train, and his case is made up and nothing more required of him. The plaintiff took this course in the trial of this cause, which is the regular course in the generally accepted method of procedure under our observation, since we have had such a statute.

Then it was up to the defendant railroad company to exonerate itself, and when it had proceeded and closed, then the plaintiff has a right to rebut and contradict such a defense by competent proof, and is not required as the learned judge says to offer all his proof in chief.

To support this view, we cite, Sec. 1645, Hemingway's Code 1917, as cited above with authority thereunder; and we cannot understand how this court can afford to allow such a vital error of procedure to contravene and defeat the proper and well established method followed. by the appellant.

The appellant was not called upon to anticipate any of the railroad's defense, and, while they cross-examined appellant's witnesses in chief as to some of these propositions that of itself required nothing of the appellant until it bacome necessary to rebut the defendant's proof.

To cut this off was fatal error, and the cause should be reversed and the proof heard. The learned judge should not have granted a peremptory instruction because some of the evidence developed by them on cross-examination of M. B. Mock and others, tended to show that the railroad company was violating the law at the time appellant was injured, and that such violation contributed proximately to his injury. When the company had blocked this highway for a. period of more than five minutes, then it became a trespasser and was wrongfully blocking the highway, and this appellant had a right to pass over the bumpers between the cars to his place of business, and this is what he did do.

---

And there was some question as to whether or not he climbed over right at the highway. This is immaterial. The highway was blocked, and he had a right to cross over either on the highway, or off of it. *So. Ry. Co.* v. *Floyd,* 55 Rep. 287; *Jarrill* v. *New Orleans & Northeastern R. R. Co.,* 67 So. 659.

Under the above authority, the appellant had a right, according to some of the evidence in this record, to attempt to cross over, and notwithstanding it may have been negligence to do so, yet this question could have been properly settled and the respective blames balanced up under the modern rule of comparative negligence. This young man suffered a very severe injury, having his foot crushed, suffering great physical and mental pains, and losing much time; and in fact, was permanently injured and we most earnestly insist that the cause ought to be reversed with directions to the court below to allow the cause proceeded with in a proper way.

*Wells, May & Saunders,* for appellee.

If we have correctly interpreted the evidence shown by the record, there is no ground for complaint of the court's action in giving a peremptory instruction for the defendant, and equally certain it is there is none for the court's action in refusing to re-open the case to permit plaintiff to introduce other evidence as to the length of time that the crossing was blocked. The action of the court in refusing this evidence was not erroneous for two reasons; in the first place, it was not rebuttal evidence, and in the second place, such evidence would not have altered the result, since, by all the uncontradicted evidence in the case, the plaintiff's injury proximately resulted from his own reckless negligence and was not caused by any negligence of the railroad company. The railroad company had the right, and in fact it was its duty to move the train off the crossing, and when the appellant, without justification and without the knowledge of the train's employees, placed

himself in a position where he would be hurt by the lawful movement of the train, he took upon himself the consequence of his own reckless act.

We respectfully submit that the judgment of the court below ought to be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff below and filed suit for a personal injury. The injury was caused by the appellant's undertaking to cross a train in the village of Paden, and while passing across the train, which train was standing across the street or crossing, a movement of the train caused the injury to plaintiff's foot.

The appellant introduced an ordinance of the village prohibiting the blocking of the crossings in a municipality for a longer period than five minutes, and then took the stand in person and testified as to the fact of the train blocking the crossing and his undertaking to cross over the train and as to his injury. The appellant also introduced other testimony as to his injury. He did not testify as to the time that the train had been standing on the crossing when he attempted to cross the train. After he closed his case the defendant introduced evidence to show that the train had only stopped from one to two minutes at the time of the injury. At the conclusion of the defendant's evidence plaintiff offered himself and other witnesses to prove that the crossing had been blocked by the train more than five minutes, but the judge excluded such evidence on the ground that it should have been introduced in chief and then granted a peremptory instruction for the defendant, on which a judgment was entered, and from the said judgment this appeal is prosecuted.

The appellant insists that it was error to reject this evidence, as all that he was called upon to prove in chief was the injury by the train to himself under section 1985, Code of 1906 (Hemingway's Code, section 1645). The plaintiff's right to recover rests upon the fact that the crossing

was blocked for a longer period than five minutes, and he testified as to the facts other than the time in his evidence in chief.

We think to recover on these facts the plaintiff must prove the blocking of the crossing for more than five minutes, and, as he testified in chief, he should have at that time disclosed these facts within his knowledge.

Under the facts of this case we think the circuit judge had a right to exclude this evidence, offered in rebuttal when it should have been offered in chief, and the judgment will be affirmed.

*Affirmed.*