## EVANS v. JUNIUS HART PIANO HOUSE.*

(Division A.  Nov. 23, 1925.)

[106 So. 9.  No. 25209.]

1. SALES. *Right of plaintiff to property seized held not shown by evidence.*

   Right of plaintiff in replevin to possession of the piano levied on, on which plaintiff has the burden of proof, is not shown; the conditional sales contract and declaration describing the one sold as a J. H. piano of a certain number, the affidavit, writ, and return giving no number, and there being no evidence *aliunde* to prove identity.

2. SALES. *Plaintiff must show amount due, where article was sold conditionally.*

   Seller bringing replevin for piano on conditional contract must show amount, if any, due on the contract.

3. REPLEVIN. *Form of verdict for plaintiff stated.*

   Verdict in replevin, if for plaintiff, should not be for the amount of defendant's debt, but should find for plaintiff the property, describing it, and its value or the value of plaintiff's interest therein.

4. REPLEVIN. *Form of judgment for plaintiff, where defendant gave bond.*

   Judgment in replevin, if for plaintiff, where the officer, after taking the property, surrendered it to defendant on bond, should, under Code 1906, Section 4233 (Hemingway's Code, section 3062), be in the alternative for restoration thereof, or for its value or the value of plaintiff's interest therein, if a limited one.

---

*Headnotes 1.  Sales, 35 Cyc., p. 702 (Anno); 2. Sales, 35 Cyc., p. 702; 3. Sales, 35 Cyc., p. 702 (Anno); 4. Replevin, 34 Cyc., p. 1545.

APPEAL from circuit court of Marion county.

HON. J. Q. LANGSTON, Judge.

Action by the Junius Hart Piano House against Lucy Evans. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Reporter's Note:—Brief for appellant not available to reporter.

*R. H. Dale,* for appellee.

Appellant complains that we did not show that she owed anything, or that there was a balance due on the contract or note sued on. When we introduced our note or contract, that was evidence of the debt itself, and if there was nothing due on it, it was up to the maker to file a plea of payment, and up to the appellant to prove that such had been paid. Such was not the case in this instance. No plea of payment was ever filed, and when we introduced our note or contract, we made a *prima-facie* case that the appellant was indebted to the appellee, and then it was up to her to show that no payment was due.

This suit was instituted by filing an affidavit for a writ of replevin, which writ was issued and placed in the hands of the sheriff for execution, and was by the sheriff executed by levying upon the piano in question, taking the same into his possession, and afterwards releasing the same to appellant upon her executing a bond. Afterwards, suit *in assumpsit* was filed, demanding judgment for the balance due on said contract, and asking that the piano in controversy be condemned to be sold, and the proceeds of said sale be applied to the payment of said judgment. No plea whatever was filed to the declaration to the effect that the contract or note had been paid, but only a plea of not guilty in the suit of replevin.

As before stated, if there was nothing due on the note or contract, it was up to the appellant to plead payment, and show that the note or contract, had been paid, as that is a matter of defense. When we introduced our note or

contract, we made out a *prima-facie* case, and we did not have to show by testimony or otherwise that the note was still due and unpaid, as it was up to the appellant to show that it had been paid. She did not do this, and the lower court was right in granting a peremptory instruction for appellee, and the case should, therefore, be affirmed.

*Rawls & Hathorn*, in reply for appellant.

The court will bear in mind that this is a replevin suit. No plea can be filed except "not guilty" and this plea puts in issue and makes it incumbent upon appellee to prove: (1) That it accepted or approved the contract of sale and delivered the piano No. 25005, or certainly that it delivered the piano; (2) that appellant breached the contract, by failing to make the monthly payments as stipulated, and by reason of which breach appellee is entitled to the immediate possession of the piano; (3) that the piano levied upon is the one sold and delivered under the contract No. 25005, and there is a balance due and unpaid on the contract.

We respectfully insist that appellee has not proved any of the above vital issues to its case, and, therefore, having wholly failed to make any kind of proof in the case appellant is clearly entitled to a reversal and judgment here. Appellee has wholly failed to identify the property, and is, therefore, not entitled to judgment for the possession of the same. *Brunson* v. *Carriage Co.*, 93 Miss. 795, 47 So. 377; and *Dennis* v. *Robinson*, 104 Miss. 594, 61 So. 597, on question of identity of property.

We submit that neither the verdict of the jury nor the judgment in this case are responsive to the pleadings, nor are they such verdict and judgment as can be rendered in a replevin suit. The verdict is a money verdict, and the judgment is a money judgment, and neither can stand in a replevin suit. *Myer* v. *Warner*, 64 Miss. 610, 1 So. 837; *Whittaker* v. *Goodwin*, 97 Miss. 665, 53 So. 413.

We, therefore, respectfully submit that for these reasons the case be reversed, and because appellee failed to make out any kind of right to the possession of the property, we submit that Aunt Lucy is entitled to a judgment in this court, and such judgment as she should have had in the lower court.

McGOWEN, J., delivered the opinion of the court.

On the 10th day of January, 1924, Junius Hart Piano House, Limited, made an affidavit that one Junius Hart piano and stool of the value of four hundred dollars, property of the said piano house, was wrongfully detained by the defendant, Lucy Evans, and that said piano house was legally entitled to the immediate possession; and on the same day a writ of replevin was issued commanding the officer to take one Junius Hart piano and stool, and on the same day the sheriff made the following return:

"I have this day executed the within writ personally by taking in my possession the within described piano and further executed the within by releasing same on bond and delivering to Lucy Evans a true copy of this writ. This the 10th day of January, 1924.

"[Signed]

"W. W. BRANTON,
"Sheriff."

On April 30, 1924, before the term of court to which the writ was returnable, the second Monday of May, 1924, the Junius Hart Piano Company filed its declaration presumably in a replevin suit, though it is very difficult to determine just what kind of action the declaration was intended to represent, but it charged, in substance, that Lucy Evans was indebted to it in the sum of four hundred dollars for one Junius Hart piano, No. 25005, and that she executed a contract to the said Junius Hart Piano House, Limited, for said amount, whereby she agreed to pay twenty-five dollars cash and the balance at the rate of twelve dollars and fifty cents per month on the 12th

day of each month; that the contract provided that the title of said piano should not pass to said defendant, but should remain the property of plaintiff until fully paid for, and for ten per cent. attorney's fees and expenses of collecting; that the contract marked Exhibit A was attached to the declaration and prayed to be taken as a part of same, which contract was not attached to the declaration, we will say in passing, so far as this record discloses.

The declaration further alleges that the defendant had paid the sum of one hundred seventy-five dollars; that there is now due and owing, on account of the purchase of said piano, the sum of two hundred twenty-five dollars; that the defendant had been requested to pay same and had failed so to do to the damage of plaintiff in the sum of two hundred twenty-five dollars, with six per cent. interest per annum and ten per cent. attorney's fees; that said contract was given for the purchase of the piano aforesaid, and title of same was to remain in it until the full amount was paid and a replevin suit has been instituted for possession of same to enforce payment of said indebtedness, wherefore plaintiff brings its suit for the sum of two hundred twenty-five dollars, etc., and prays that said piano be condemned to be sold and the proceeds of said sale be applied to the payment of this judgment.

The defendant entered a plea of not guilty, and, upon hearing, the plaintiff offered the contract, which is signed only by Lucy Evans, and begins with this statement:

"This contract taken subject to the approval of the Junius Hart Piano House, Limited."

By the terms of said contract, Lucy Evans promises to pay four hundred dollars for one Junius Hart piano, No. 25005, with the stipulation that, if she made the payments as provided in the contract, the title was to fully vest in the subscriber. The plaintiff then offered the writ of replevin with the return of the officer, and the officer testified that the value of the piano which he re-

leased to the defendant on bond was two hundred twenty-five dollars, and thereupon the plaintiff rested his case, and the defendant moved to exclude the testimony, on the ground that the contract was unilateral and had never been approved; (2) on the ground plaintiff failed to show any breach of contract, or that there was a single cent due on the contract. The court overruled this motion and granted the plaintiff the following instruction:

"The court instructs the jury to find for the plaintiff the amount sued for, to-wit, two hundred twenty-five dollars, plus six per cent. interest thereon from February 22, 1922, together with ten per cent. attorney's fees,"
—and refused peremptory instruction asked for by the defendant.

The jury's verdict was as follows: "We, the jury, find the plaintiff the amount sued for."

Thereupon the court entered a judgment in favor of the Junius Hart Piano House, Limited, against the defendant, Lucy Evans, for the sum of two hundred twenty-five dollars, with interest and attorney' fees with cost of suit, and further ordered the Junius Hart piano, No. 25005, condemned to be sold, and the proceeds of the sale of the piano to be applied to the payment of the judgment.

There is nothing in this record to show that the piano seized, "one Junius Hart piano," was the same piano described in the contract and in the declaration as one Junius Hart piano, No. 25005. It was absolutely necessary to prove the identity of the property, and there is a variance between the declaration and writ, No. 25005 being omitted from the affidavit and writ and from the return of the officer, and no testimony *aliunde* was offered to show that the piano taken was the one described in the contract and declaration. There is no evidence showing that the plaintiff was entitled to the possession of the piano levied upon. The burden of proof is upon the plaintiff to show that he is entitled to the possession of

the identical property. See *Brunson* v. *Volunteer Carriage Co.*, 93 Miss., 793, 47 So. 377.

Next, we observe that there is no proof as to the balance due on the contract, or that Lucy Evans was in default, or the amount of the debt due, or whether any or all had been paid or not, and, in a replevin suit where plaintiff's interest is limited to the amount of the balance due it is incumbent on the plaintiff to show that the piano involved in the controversy has not been paid for. See *Brunson* v. *Volunteer Carriage Co.*, cited *supra*; also *Dennis* v. *Robinson*, 104 Miss. 548, 61 So. 597, from which latter case we quote:

"It is necessary in an action of replevin to show that the property levied on and taken into possession by the officer executing the writ was that which the plaintiff was entitled to recover in the suit brought. The trial court did not err in rendering the judgment for defendant because of the absence of the necessary proof to so identify the property."

The form of the instruction was erroneous, in that the jury should have been instructed in a proper case to find for the plaintiff the property, describing it and the value thereof, and the verdict of the jury was not in proper form, because it did not comply with the requirements of the law, and the judgment cannot be justified under section 4233, Code of 1906 (section 3062, Hemingway's Code), because judgment was not for the value of the property or for the sale of the property to satisfy defendant's interest; in fact, the judgment does not find the defendant's interest in the piano.

In this case the property was taken by the officer and surrendered to defendant, and is not a case of the officer failing to take the property; consequently the instruction, verdict, and judgment were erroneous. See *Meyer* v. *Warner*, 64 Miss. 610, 1 So. 837; *Whittaker* v. *Goodwin*, 97 Miss. 665, 53 So. 413. On the record the court should have given a peremptory instruction to the jury

to find for the defendant. Appellant insists that she is entitled to a judgment here; but upon another trial some of these errors may be avoided, and a different result may be reached. There are other errors assigned which we do not deem necessary to notice at this time.

*Reversed and remanded.*