AMERICAN HOIST & DERRICK CO. *et al. v.* LYNN.

(Division B.   May 22, 1933.)

[148  So.  351.   No.  30642.]

Gardner, Odom & Gardner, of Greenwood, for appellants.

Osborn & Witty, of Greenwood, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In June, 1929, appellee, Lynn, entered into a contract with the Schofield-Burkett Construction Company, under which contract it is claimed that the latter company agreed to furnish certain machinery adequate and sufficient for the excavation of appellee's gravel pit in Carroll county. The contract further provided, so it is said, that, if the machinery so furnished was found suitable and efficient, appellee agreed to purchase the same at a stated price. The construction company was to send a competent engineer to install the machinery and to direct the operations, and this was done. The machinery as sent was found to be incapable of accomplishing the work; the opinion being that the steam hoisting engine was not of sufficient size and power. Accordingly, about, the 1st of August, 1929, the construction company purchased from appellant company a larger and more powerful steam hoisting engine and had it promptly shipped to the gravel pit of appellee, where it was at once set up and put in operation, but the machinery still failed to do the work. It is claimed that the contract between appellee and the construction company contained a provision that, in case of failure, the construction company would reimburse appellee for all expenses, and that appellee should have a lien to cover said expenses, on all the machinery shipped there by the construction company. For some unaccountable reason, however, the contract between the appellee and the construction company is not included in the record, although it was before the trial court; and the briefs here make much of the supposed contents of that contract.

For the purposes of this case, we shall consider the contract between appellee and the construction company to be as claimed by the appellee, it being the duty of appellant to make that contract a part of the transcript

here, if the assertions respecting it by appellee are not borne out by the terms of that contract. See Hume v. Inglis, 154 Miss. 481, 487, 122 So. 535. But the new and larger steam hoist engine was purchased from appellant by the construction company, not on full cash payment but entirely on credit, and the contract of sale executed by appellant contained the provision that the purchase of said engine was on the express condition that it should remain the property of the seller, and that no title shall pass to the buyer until the specified price should be paid in full. This contract and conditional sale with retention of title is copied in full in the record. Such a contract is good against even a bona fide purchaser for value, and for like reason is superior to any asserted lien on the part of a third party. The reason for this rule is that the conditional purchaser has no title to convey or incumber.

Nothing on the purchase price having been paid on the new steam hoist engine by the buyer, the construction company, demand was subsequently made by appellant, the seller, on Lynn, the appellee, for its possession, but Lynn, claiming that he had a lien on all the machinery for advances made by him as aforesaid, refused to surrender the said engine, and appellant instituted replevin, which was defended by Lynn; the construction company not being made a party. The case was tried before the judge without a jury, and in the plaintiff's case in chief there was a total failure to prove that any amount was due on the new hoist engine, and, when plaintiff rested, defendant moved for judgment as if under a peremptory instruction, under the authority of Evans v. Junius Hart Piano House, 140 Miss. 467, 106 So. 9, which holds that it is essential, in order that a plaintiff, who has retained title to personal property on its sale, may prevail, he must show that there is in fact a balance due on the purchase price.

This motion was on Tuesday, but, instead of sustaining the motion, the court passed the case over until Friday in order to allow the plaintiff to procure additional witnesses. In view of the above-stated attitude of the case and of the fact that plaintiff had already rested, the said order of the court passing the case to Friday was equivalent to a permission to plaintiff to reopen the case, and that it might go to the expense and trouble of bringing a witness or witnesses from a distance. On Friday a competent witness so brought, and with knowledge of the facts, was produced by plaintiff, who testified that nothing had been paid by the construction company or any one else on the purchase price of the new steam hoist engine, but the court excluded this evidence as not being in rebuttal, under the authority of Mock v. Hines, 125 Miss. 111, 87 So. 423, and thereupon rendered judgment for defendant.

The case of Mock v. Hines is not criticized or distinguished under its exact facts; but it is now, and has long been, the practice of the courts to allow, under suitable circumstance, the reopening of cases to show the exact facts and to attain the ends of justice, particularly where the evidence produced on a reopening is undisputed and carries no mark or badge of suspicion. We think this is such a case, and that the evidence offered by appellant should have been received.

Reversed and remanded.