WINTER & HIRSCH, INC. *v.* CLANTON, et al.

May 5, 1952.

No. 38369 (58 So. (2d) 508)

John Horan, for appellant.

**Kermit R. Cofer,** for appellee, T. W. Clanton.

**Lee, J.**

Tommie W. Clanton, by means of an attachment in chancery, procured the seizure of a certain Plymouth automobile, owned by Otis Tillman, a nonresident of the state, but in the hands of Roy Paris, a resident of the state. The purpose was to subject the automobile to a lien for the payment of such damages as the court might award for Clanton's personal injuries and property damage, proximately resulting from the alleged negligence of Tillman in the operation of his automobile. Process was obtained by publication. Tillman's answer denied the material allegations of the bill. Paris interposed his claim for removing the automobile from the highway, after the wreck and for accrued storage. Winter & Hirsch, Inc., filed their motion to intervene as a third party claimant to set up their claim of $593.80 under a retained title contract.

By agreement of all the parties, the several issues were tried together.

Clanton's proof showed that, as he was driving along the highway, he was negligently struck from behind by the Plymouth automobile, driven by a brother of Otis Tillman, but in which Otis was riding at the time. The

court awarded damages in the sum of $1,500 for both property loss and personal injuries.

After the wreck, Roy Paris, at the direction of the Highway Patrolman, removed the Plymouth automobile from the highway and stored it in his garage. That night an attachment out of the circuit court was served on him. The officer did not take the car but left it in the garage. The claim of Paris for $7.50 towage and $0.50 a day storage was allowed by the Court.

No appeal is prosecuted by Otis Tillman as to either of the above awards.

Winter & Hirsch, Inc., to establish its claim, called as a witness W. I. Stone, attorney for Otis Tillman, and the witness stated that Tillman owed it a balance of $593.80 and that the obligation still existed. However, he refused to answer as to the time when he received such information; and on motion of Clanton's counsel, the evidence was excluded. Stone then said: ''Representing my client I know from him that his obligation is good and valid * * *. Well, I agree for my client that he—that it is a valid obligation''. Although counsel has the authority to bind his client by admissions in open court, the trial judge observed that the proper method to prove the existence of title had not been used, and excluded the statement.

At any rate, at this juncture, Otis Tillman was called as a witness and he testified to the following effect: The car was his. The signatures to the bill of sale were his and his wife's and both of them actually signed it. Winter & Hirsch, Inc., financed the balance of the purchase money and the amount due and unpaid was $600. He reported to the Finance Company on Saturday following the 20th of November, 1950, that the car had been attached. He had kept up the payments and was not delinquent.

Following this evidence, the court held that the title retention contract was competent and permitted its introduction.

At the conclusion of the evidence, the trial judge, in his oral opinion, stated that the explanation by Tillman was not satisfactory and that he did not know whether the claim was bona fide. The final decree dismissed the claim and Winter & Hirsch, Inc., appeal.

Of course, █ the seller, reserving title to goods for the unpaid purchase money, in replevin, must show that the purchase money has not been paid. Brunson v. Volunteer Carriage Co., 93 Miss. 793, 47 So. 377. And in the case of Evans v. Junius Hart Piano House, 140 Miss. 467, 106 So. 9, it was held that the seller, bringing replevin for a piano on a conditional contract, must show the amount, if any, due on the contract.

It is true that the claimant did not offer proof by a proper member of its organization that the indebtedness mentioned in its bill of sale or retained title contract was unpaid. But it showed by Tillman, its debtor, a party to the contract, that the contract was genuine, that the title to the automobile was in the claimant, and that the balance of $593.80 was unpaid. There was no evidence to the contrary. Consequently the court was in error in rejecting this claim.

 █ Paris moved the car off of the highway. The sheriff, under an attachment, seized it on the same day, and was bound to take care of it. He left it with Paris, who has kept and preserved it ever since, and manifestly is entitled to a first lien therefor. Thus the court was correct in so adjudging.

From which it follows that the decree of the lower court, as regards the claim of Paris, should be and is affirmed. As regards the claim of Winter & Hirsch, Inc., the decree of the lower court is reversed, and a decree will be entered here in favor of said appellant in the sum of $593.80, with lawful interest, and a lien against the automobile second only to the lien of Paris. As regards the claim of Tommie Clanton, the decree of the lower court is affirmed but modified so as to subordinate his

lien against the automobile to those of Paris and Winter & Hirsch, Inc.

Affirmed in part; in part reversed and decree here and in part affirmed as modified.

**Roberds, P. J.**, and **Alexander, Holmes** and **Arrington, JJ.**, concur.