FOURNET, Chief Justice.
The May Finance Company, a Michigan corporation, instituted proceedings ’ in the Civil District Court at Shreveport, sequestering and seeking to be recognized the owner of an Oldsmobile automobile allegedly delivered to defendant, Lavon Nagy, a non-resident, in Michigan under a conditional sales contract (duly recorded in Michigan, under the laws of which State title did not pass until payment of the remainder of the purchase price), claiming that the said Nagy, without meeting his obligation and without consent of the plaintiff, had moved the car out of the State, and that a warrant had issued in the City of Detroit for the arrest of one Wesley E. Mawby, who, upon information and belief, was one and the same person as Nagy. It is further alleged that while plaintiff was not informed as to the manner in which the car was disposed of, Narvis J. Lee, of Shreveport, in possession of the car, had fraudulently transferred the .same, with full *819 knowledge of plaintiff’s rights and claims, to one John T. Adams of Bossier Parish. By supplemental petition the plaintiff sought judgment in the alternative against Lee for the unpaid balance of the purchase price, $1,307.76.
A curator-ad-hoc was appointed to represent the absent defendant Nagy and a general denial was entered on his behalf; the defendant Lee first excepted to the petition and supplemental petition on the ground that they stated neither a right nor a cause of action against him. Reserving his rights after his exceptions were overruled, Lee answered, filing a general denial and specially averring that he had acquired the car in good faith from Wesley E. Maw-by and had transferred title to Adams without knowledge of plaintiff’s claim and before suit was filed. Adams subsequently intervened in the proceedings, seeking to be recognized the owner of the car, to which he claimed title by purchase on April 17,1952 (the day before suit was filed) from Lee — who, he claimed, had a good and valid title to the cár — in exchange for a piece of real property; in the alternative, he prayed that he recover title to the property in West Caddo Parish given in payment for the car. This alternative demand .was dismissed on Lee’s plea of no cause or right of action to the petition of intervention. Lee, in answering that petition, joined the intervenor in his allegations of right to ownership of the car, and prayed for judgment accordingly. After trial on the merits there was judgment in the lower court against the defendants and the intervenor, decreeing the plaintiff to be the owner of the car, also releasing the plaintiff from the judicial sequestration bond under which the car had previously been released to it.
On appeals by the defendant Lee and the intervenor Adams, this judgment was affirmed on rehearing by the Court of Appeal, Second Circuit, the costs in that court being assessed against the appellants. See 62 So. 2d 152. On application of defendant Lee, a writ of certiorari was granted to review the judgment of the Court of Appeal.
Lee’s sole contention is that he was improperly made a party to this litigation. •His reasons for this position, as found in his brief, although poorly and inadequately stated, on fair analysis seem to convey the idea that since his co-defendant Nagy was a non-resident represented by a curator ad hoc, and Lee at the time of the sequestration, according to plaintiff’s petition, had disposed of the car to Adams, there was no proper party defendant before the Court, the car was improperly sequestered, and a judgment of non-suit should have been entered.
Clearly, there is no merit to this contention. While the plaintiff, in its main demand, is seeking to be recognized as the owner of the car, in its' alternative demand it is seeking a personal judgment against Lee for the allegedly fraudulent transfer thereof. Adams, Lee’s transferee, placed the title of the car at issue by his petition of intervention, and Lee, in answering that petition, joined Adams in placing the title *821 of the car at issue and prayed that Adams be adjudged the owner.
Adams filed a brief in this Court, arguing that he is the person who has been unjustly deprived of his property, that justice and equity demand that he be heard, and that the judgment of the trial court maintaining Lee’s exceptions of no cause or right of action should be reversed. Obviously he overlooked the fact that he did not apply for, nor was he granted, a writ of certiorari by this Court; consequently, the phase of the case in which he is interested is not before us for review. See Speed v. Page, 222 La. 529, 62 So.2d 824, and authorities cited therein.
For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the District Court, is reinstated and made the final judgment of this Court; all costs incurred here to be paid by defendant Narvis J. Lee.