150 So.2d 90 (1963)
Nofio J. PECORA d/b/a Tropical Tourist Court
v.
D. L. JAMES.
No. 918.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Rehearing Denied March 4, 1963.
*91 Leo L. Dubourg, New Orleans, for plaintiff-appellant.
Philip Gensler, New Orleans (curator ad hoc), for defendant-appellee.
George Haylon, New Orleans, for Civil Sheriff for the Parish of Orleans.
Clarence F. Favret, Jr., New Orleans, for intervenor-appellee.
Before McBRIDE, CHASEZ and HALL, JJ.
HALL, Judge.
In this case a certain 1959 Palace Trailer was seized by the Civil Sheriff for the Parish of Orleans under a writ of sequestration sued out by Nofio J. Pecora, d/b/a Tropical Tourist Court who claimed a lessor's lien and privilege on the trailer for rental due by one D. L. James for trailer parking space. Thereupon Wolverine Insurance Company filed an intervention and third opposition alleging that it had a lien on the trailer superior to that of plaintiff by virtue of a conditional sales contract executed and recorded in the State of Mississippi prior to the commencement of plaintiff's lease to James.
The trial of the third opposition resulted in a judgment in favor of the third-opponent, Wolverine Insurance Company, against the defendant, James, for $3,438.82 (balance due under the conditional sales contract) which judgment decreed that Wolverine Insurance Company "be paid by priority and preference over the plaintiff herein, Nofio J. Pecora, and all other creditors of the said defendant out of the proceeds of the sale of the property herein *92 seized * * *". Nofio J. Pecora, plaintiff in suit prosecutes this appeal from that judgment.
The sole question presented by this appeal is the question of priority of liens between that of plaintiff, as lessor, and that of the third opponent, Wolverine Insurance Company, as holder of a conditional sales contract covering the seized trailer.
The facts are not in dispute, and, in so far as they need be stated are as follows: the defendant, James, purchased the trailer in the State of Mississippi on credit and signed a conditional sales contract under which he acknowledged an indebtedness on which the balance due at this time is $3,438.82. The conditional sales contract was executed in the State of Mississippi on July 8, 1959 and was duly recorded in Harrison County, Mississippi on July 29, 1959. The third opponent, Wolverine Insurance Company, acquired the sales contract and the Mississippi Certificate of Title covering the trailer by assignment from the finance company which financed the sale. Wolverine was the insurer of the finance company under a policy covering conversion, secretion and embezzlement of the trailer, and the consideration given for the assignment was the payment by Wolverine to the finance company of the balance of the purchase price then due on the trailer.
On April 3, 1961 the defendant, James, brought the trailer to Louisiana and parked it in a space in plaintiff's trailer court for which he agreed to pay a rental of $30.90 per month plus the cost of utilities. Defendant subsequently abandoned the trailer and disappeared. At the time he left the defendant owed plaintiff $338.58 for rent and $60.48 for utilities which plaintiff advanced in his behalf.
Conditional sales contracts are valid in Mississippi and are security devices which have effects similar to our chattel mortgages although under a conditional sales contract the legal title to the chattel remains in the vendor. See Fanning v. C. I. T. Corporation, 187 Miss. 45, 192 So. 41.
"Such a contract is good against even a bona fide purchaser for value, and for like reason is superior to any asserted lien on the part of a third party. The reason for this rule is that the conditional purchaser has no title to convey or incumber." American Hoist & Derrick Co. v. Lynn, 167 Miss. 93, 148 So. 351.
It is well settled that conditional sales contracts executed in another state and valid where executed will be recognized and enforced by the Courts of this state. In Universal C. I. T. Credit Corporation v. Victory Motor Company, La. App., 33 So.2d 703 the rule is stated as follows:
"The jurisprudence of this State applicable to conditional sale contracts is now well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor (citing cases). Where, however, if the removal to Louisiana is with the knowledge or consent of the vendor (or when the intent of the parties in contracting outside of Louisiana is to circumvent the law of the state), the conditional sale is not recognized. * * *"
We note that the Victory Motor Company case involved a conditional sales contract executed in Mississippi. Its language was quoted with approval by our Supreme Court in Fisher v. Bullington, 223 La. 368, 65 So.2d 880, 882.
It is also well settled that chattel mortgages executed in a foreign state will be recognized and enforced in this state.
*93 The rule is succinctly stated in the landmark case of General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323, as follows:
"`The great weight of authority is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum.' * * *"
While not questioning the foregoing propositions appellant contends:
1) That the Mississippi law was not proved as a fact during the trial of the case, citing Taylor v. Terzia, 171 La. 1040, 132 So. 781.
2) That there is no proof in the record that the trailer was removed to this state without the knowledge and consent of the vendor or the holder of the conditional sales contract.
3) That the conditional sales contract was not effective against him (a) since it was not duly recorded in Louisiana as a chattel mortgage, and (b) since it was not noted on the Certificate of Title as required by LSA-R.S. 32:710.
4) That he is entitled to have recognized his lien for the preservation of the trailer under LSA-C.C. Arts. 3224-3226.
We shall consider appellant's contentions in the order stated.
(1) Since the adoption of the Louisiana Code of Civil Procedure it is no longer necessary to prove foreign law as a fact. LSA-C.C.P. Art. 1391 reads in part as follows:
"Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.
"The court may inform itself of such laws in any manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information. * * *"
(2) The record contains ample proof that the trailer was brought to this State without the knowledge or consent of the owner of the conditional sales contract. It shows that Wolverine Insurance Company paid the amount of the balance due under the contract as a result of a claim made by its insured that the trailer had been converted, secreted or embezzled. The proof of loss is in the record. Moreover we find the following uncontroverted testimony given by Wolverine's local representative:
"We have skip insurance. That is better described as wrongful conversion, secretion or embezzlement. This party who purchased this trailer secreted it, and we had to pay off the unpaid balance to the finance company in question. After searching for some time for this trailer we found it in a mobile home park in New Orleans."
(3) It is not necessary that a foreign chattel mortgage on property situated in a sister state, validly executed and recorded in that state be re-recorded in this state in order to protect the mortgagee against innocent purchasers or incumbrancers of the property after its removal to this state provided that the foreign mortgagee did not know of or consent to the removal of the property. General Motors Acceptance Corporation v. Nuss, supra.
The same is true of a conditional sales contract. See May Finance Co. v. Nagy, La.App., 62 So.2d 152, affirmed 223 La. 816, 66 So.2d 860.
But appellant contends that the Louisiana Vehicle Certificate of Title Law (LSA-R.S. *94 32:701 et seq.) and the Louisiana Vehicle Registration Law (LSA-R.S. 47:501) have changed the law since the decision in the Nuss case. We can find nothing in either of these two statutes that has any applicability whatever to a vehicle purchased in a sister state under a conditional sales contract and brought into this state without the knowledge or consent of the vendor or his assigns. Appellant's contention moreover has been answered by our predecessor court in the case of Pacific Finance Loans v. Guidry, La.App., 69 So.2d 56 as follows:
"* * * And we pass to a consideration of the question of whether our Certificate of Title Law, adopted since the decision in the Nuss case, requires a different result now * * *. When we come to consider our own Certificate of Title Law we are unable to see anything therein which could be interpreted as requiring that a foreign chattel mortgage, valid under the laws of the state in which it was executed and properly recorded there, should not be held to be enforceable against a title holder in Louisiana, even though the title holder here secured his title in good faith and after taking such measures as were available to ascertain that the title was clear."
(4) Finally we come to appellant's contention that he is entitled to have recognized a lien for expenses incurred for the preservation of the trailer under the provisions of LSA-C.C. Arts. 3224, 3226. Without deciding that he is entitled to such a lien, it is sufficient to point out that such liens are subordinate to the lien and privilege accorded to chattel mortgages. Federal Mortgage & Finance Co. v. Bohne, La. App., 146 So. 173; Burglass v. Wright, La. App., 159 So. 176.
We are of the opinion that since the rights of the third opponent, Wolverine Insurance Company, under its conditional sales contract attached prior in time to the plaintiff's lessor's privilege the judgment of the District Court is correct.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.