353 So.2d 1348 (1977)
Howard L. JONES, Plaintiff-Appellee,
v.
Unopened Succession of Pete BRADFORD et al., Defendants-Appellees, and
Commercial Credit Equipment Corporation, Intervenor-Appellant.
No. 6183.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*1349 Francipane, Regan & St. Pee by Richard T. Regan, Metairie, for third party-appellant, Commercial Credit.
Falkenheiner, Calhoun & Murray by George C. Murray, Jr., Lyman S. Gore, Vidalia, for plaintiff-appellee.
Before HOOD, CULPEPPER and FORET, JJ.
FORET, Judge.
On August 26, 1975, petitioner, Howard L. Jones, obtained a non-resident writ of attachment against various pieces of equipment owned by the defendant, "Unopened Succession of Pete Bradford, et al," seeking to recover the sum of $7,250.55 on open account.
On February 4, 1976, while the equipment was still under attachment by the sheriff, Commercial Credit Equipment Corporation, hereinafter referred to as CCEC, filed a petition of intervention asserting a superior vendor's privilege and chattel mortgage against a portion of the equipment which had been attached by the plaintiff. Intervenor based its claim on a purchase security agreement executed by Pete Bradford on September 23, 1974, on which there was a principal balance due of $4,751.88 and which *1350 agreement provided for a delinquency charge of 5% on unpaid installments plus all attorney's fees and court costs. Additionally, a Mississippi financing statement covering intervener's portion of the equipment was filed pursuant to the Uniform Commercial Code on September 24, 1974, with the Chancery Clerk of Franklin County, Mississippi, the county seat of Pete Bradford's domicile.
Intervenor obtained a court order on February 4, 1976, directing the Sheriff for the Parish of Concordia to seize, appraise, and sell that portion of the equipment on which intervenor claimed its privilege.
On April 20, 1976, the Sheriff, after public advertisement and appraisal, held a public sale of that portion of the property on which intervenor claimed a privilege. The said property was purchased by intervenor for the sum of $5,000.00. The Sheriff collected the sum of $5,000.00 from intervener's agent.
On April 30, 1976, petitioner, Howard L. Jones, filed a "Petition in Intervention Contending Privilege" seeking to have his privilege recognized as prior in rank to the privilege claimed by intervenor, CCEC. On May 4, 1976, intervenor filed a rule to rank privileges and distribute proceeds of judicial sale seeking to have intervenor's claim recognized as prominent over the privilege of plaintiff.
On June 11, 1976, a hearing was held on intervenor's rule. Stipulations of fact were entered into as follows:[1]
It is stipulated that on or about September 23, 1974, Carter Equipment Company of Jackson, Mississippi, entered into a purchase-security agreement with Pete Bradford; the purchase-security agreement, a copy of which is on file in the record, was recorded in connection with the uniform commercial code on September 24, 1974, in Franklin County, Mississippi. Subsequent to the recordation in 1974, the equipment was removed to Louisiana and then a non-resident writ of attachment was issued at the request of Mr. Howard L. Jones on August 26, 1975. Commercial Credit then filed an intervention asserting its right under the purchase-security agreement executed and recorded in Mississippi and asserting a balance due to Commercial Credit of $4,751.88 plus cost. Mr. Jones has also filed an intervention claiming a privilege. The proceedings here are to rank the privileges. A sheriff's sale was provoked by CCEC and took place on April 20, 1976. The equipment was sold to Commercial Credit Equipment Corporation for a bid of $5,000.00. The sheriff has collected the sum of $5,000.00 and is still holding the money.
Commercial Credit Equipment Corporation also stipulated the correctness of the amount of the claim of Howard L. Jones as claimed in the petition; and Howard L. Jones stipulated the correctness of the amount of the claim of Commercial Credit Equipment Corporation as claimed in the petition.
On November 2, 1976, the trial judge signed a judgment which stated in part:
"When this rule was filed and submitted, plaintiff had not gone forward with his suit and his lien under the attachment had never been recognized. The proper procedure is to try the plaintiff's main demand and the intervenor's claim at the same time and in that proceeding, determine rank. In this rule, since plaintiff's main demand has never been brought to trial, the rule to determine priority of liens was prematurely filed."
. . . . . .
". . . the determination of rank of liens is to be made by proper proceedings in the regular trial of this matter."
Thereafter, intervenor filed a motion to fix the case for trial on the merits in accordance with the judgment of November 2, 1976. On December 28, 1976, petitioner filed a second petition in intervention and rule to rank privileges and distribute proceeds of judicial sale, which was set for hearing on February 11, 1977. Intervenor, *1351 CCEC, in response to plaintiff's second petition in intervention and rule to rank, filed: (a) Exceptions of prematurity and res judicata and (b) Rule to annul judgment.
On February 11, 1977, the court overruled the exception of prematurity and res judicata filed by intervenor, annulled the judgment on confession of judgment previously obtained by plaintiff on June 16, 1976, and found plaintiff, Howard L. Jones, and intervenor, CCEC, to be "open account creditors of equal rank" and ordered that the proceeds on deposit with the Sheriff resulting from the judicial sale were to be split one-half to the plaintiff and one-half to intervenor after deducting all court costs and Sheriff's fees and commissions. This judgment was signed March 10, 1977. Intervenor has appealed the said judgment, suspensively. Neither plaintiff nor defendant has appealed the judgment of March 10, 1977; however, plaintiff, Howard L. Jones, has answered the suspensive appeal of intervenor.
Appellant assigns the following as manifest errors of the trial court:
1. The trial court erred in overruling intervenor's exceptions of prematurity and res judicata and proceeding to a hearing on plaintiff's rule to rank privileges.
2. The trial court erred in disregarding the respective privileges of plaintiff and intervenor by holding that neither plaintiff nor intervenor had a privilege whatsoever; in finding that both plaintiff and intervenor were open account creditors of equal rank; in failing to find intervenor's privilege to be valid and superior to any privilege in favor of plaintiff; in failing to award intervenor the sum of $4,751.88 (or the net amount after deducting costs) from the proceeds of the sheriff's sale, and in awarding one-half of the proceeds to the plaintiff.
Decedent, Pete Bradford, executed a purchase-security agreement by which he bought the equipment which was seized under the writ of attachment. That agreement was a type of security device by which Bradford did not acquire title or ownership until such time as the full purchase price was paid. It was stipulated as between plaintiff and intervenor that the purchase-security agreement was recorded in Franklin County, Mississippi, in accordance with the uniform commercial code of that state.
Conditional sales are invalid if executed within this State. However, if executed pursuant to the law of another state, conditional sales will be recognized as enforceable in Louisiana unless the object sold has been removed to this State with the consent or knowledge of the vendor and/or the intent of the parties thereto was to circumvent the law of this State. Fisher v. Bullington, 223 La. 368, 65 So.2d 880 (1953); Pecora v. James, 150 So.2d 90 (La.App. 4 Cir. 1963); May Finance Co. v. Nagy, 62 So.2d 152 (La.App. 2 Cir. 1952), affirmed 223 La. 816, 66 So.2d 860.
"The jurisprudence of this State applicable to conditional sale contracts is now well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor (citing cases). Where, however, if the removal to Louisiana is with the knowledge or consent of the vendor (or when the intent of the parties in contracting outside of Louisiana is to circumvent the law of the state), the conditional sale is not recognized. . . ." Universal C.I.T. Credit Corporation v. Victory Motor Company, 33 So.2d 703, 704 (La.App. 1 Cir. 1948).
Likewise, chattel mortgages validly executed in other states will be recognized and enforceable in this State even in the absence of recordation unless the mortgaged property was removed to this State with the knowledge or consent of the mortgagee. Pecora v. James, supra.
"The great weight of authority is to the effect that a chattel mortgage, properly *1352 executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum. . . ." General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323, 325.
In this case, there was no evidence or stipulation that CCEC lacked knowledge of, and/or did not consent to, the removal of the allegedly mortgaged equipment to this State by decedent, Pete Bradford. However, in their briefs, and at oral argument, counsel for appellee Jones and appellant CCEC stated that decedent Bradford removed the purchased property without the knowledge and/or consent of CCEC. Consequently, CCEC possessed a valid vendor's privilege and chattel mortgage on defendant's property which was sold at that judicial sale. Therefore, CCEC should receive the proceeds of the judicial sale in preference to plaintiff.
In reaching the above conclusion, we find that it is immaterial whether Jones did or did not obtain a judgment against the Bradford heirs maintaining his writ of attachment. CCEC's Mississippi privilege became effective in September of 1974, and the writ of attachment obtained by Jones was dated August 26, 1975. Therefore, the Mississippi privilege primes any privilege which Jones may obtain thereafter as a result of the attachment, regardless of whether or not his claim is reduced to judgment. The provisions of LSA-C.C.P. Art. 3511 granting a privilege to a creditor from the time of seizure if judgment is rendered maintaining the writ of attachment, are inapplicable in this case for the reasons above stated.
CCEC asserted a vendor's privilege and a chattel mortgage upon certain items of the seized property. In conformity with, and pursuant to, the procedural laws of this State, it filed a petition in intervention, which pleading pre-dated the judicial sale of the seized property. Therefore, in accordance with LSA-C.C.P. Art. 1092,[2] a judicial sale of those items assertedly mortgaged to CCEC, was held. The proceeds of that sale were held by the Sheriff subject to further orders of the court.
On March 10, 1977, the trial court annulled a judgment on confession of judgment previously obtained by plaintiff on June 16, 1976. Plaintiff has answered CCEC's appeal asking for reversal of that portion of the trial court judgment of March 10, 1977, which annuls the judgment on confession of judgment. We agree with plaintiff, Jones; he clearly has a claim against the Bradford heirs, who were named in plaintiff's suit, and who acknowledged plaintiff's claim by signing a confession of judgment.
For the foregoing reasons:

*1353 (1) We reverse that portion of the trial court judgment annulling the judgment on confession of judgment, in favor of plaintiff, and it is ordered that the said judgment be declared valid and re-instated retroactive to the date of its filing;
(2) We reverse the judgment of the trial court wherein it ranked the claim of CCEC as an open account, and judgment is hereby rendered in favor of intervenor, Commercial Credit Equipment Corporation, recognizing its superior privilege on the funds in dispute held by the Sheriff of Concordia Parish.
(3) It is further ordered that the amount of $4,751.88 be paid to intervenor with preference and priority from the proceeds of the Sheriff's sale, after deducting therefrom the costs attendant to the Sheriff's sale; all other costs to be borne by plaintiff, Howard L. Jones.
REVERSED AND RENDERED.
NOTES
[1] Edited in part by Court of Appeal.
[2] A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.

If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.
An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor. As amended Acts 1962, No. 92, § 1.