JACKSON *et al. v.* GENERAL MOTORS ACCEPTANCE CORPORATION.*

(Division A.   Jan. 14, 1929.)

[119 So. 808.   No. 27555.]

---

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, section 566, p. 837, n. 48; Replevin, 34Cyc, p. 1354, n. 12.

*R. H. Kirby*, for appellant.

*Maynard, FitzGerald & Venable,* for appellee.

Cook, J. This cause originated in a justice of the peace court of Coahoma county, and is a suit to recover the possession of a Ford automobile alleged to be wrongfully detained by the defendant Joe Jackson from the plaintiff, General Motors Acceptance Corporation. The constable of the district in which the property was located executed the writ of replevin by taking into his possession the automobile described in the affidavit and writ, and in the officer's return on the writ the property was valued at two hundred dollars. The officer's return on the writ makes no reference to a replevin or forthcoming bond; and it is not shown what disposition was made of the automobile. There is, however, attached to the transcript of the record from the justice court what purports to be a claimant's bond, executed by one Mrs. H. J. Lawler, conditioned to have the said automobile forthcoming before the justice court to satisfy the judgment of that court in said cause. There is no claimant's affidavit in the record, and nothing to show that any proper claim for the property was ever filed or in any way attempted to be perfected by this third party; and, after the hearing of the cause, the justice entered a judgment in favor of the plaintiff ordering that the defendant restore the automobile to the plaintiff, or, in default thereof, that the plaintiff recover from the defendant and the sureties on the purported claimant's bond the sum of two hundred dollars and all costs. From

this judgment, the defendant Jackson appealed to the circuit court.

In the circuit court, the plaintiff's attorney offered in evidence what purports to be a conditional contract executed by and between the Clarksdale Motor Company, as seller, and the defendant Joe Jackson, as purchaser, for the sale of one Ford automobile of the same engine number as that described in the affidavit and writ of replevin. This conditional sale contract was in no way identified as a contract executed by the defendant for the purchase of this automobile; and it was admitted in evidence over the specific objection of the defendant that it had not been so identified. The plaintiff's attorney then testified that, at the trial of the cause in the justice court, the defendant Jackson admitted that he had not paid the purchase price of the car. The defendant offered no evidence, and thereupon the court granted an instruction directing the jury to return a verdict for the plaintiff and assess the value of the property at two hundred dollars; and from the verdict and judgment entered in pursuance of this peremptory instruction, this appeal was prosecuted.

The appellant assigns several grounds for reversal, one of which is that it was error to admit in evidence the alleged conditional sale contract, and we think this assignment is well taken and necessitates a reversal of the judgment of the court below. An action of replevin is purely possessory; and, while the alleged conditional sale contract was of evidential value in establishing the appellee's right to the possession of the property involved, it was not a part of the record in the justice court, and, to render it admissible in evidence in the circuit court, it was necessary to in some way identify it as a contract executed by the appellant.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*