EARL S. LOVING V. PAT LAIRD ET AT.

No. 6189.   (Motion No. 9987.)   Decided May 16, 1932.
(50 S. W., 2d Series, 260.)

*Ross Lawther* and *Wm. M. Cramer,* both of Dallas, for plaintiff in error.

*T. W. Davidson* and *J. W. Randall,* both of Dallas, for defendants in error.

MR. JUDGE SHARP of the Commission of Appeals delivered the opinion for the court.

Pat Laird, a minor, in a suit filed by Mrs. Linnie Laird, as his next friend, and by Mrs. Linnie Laird, individually, recovered judgment in the 68th Judicial District Court of Texas at Dallas against Earl Loving, for the sum of $10,450, apportioned as follows: $8,000 to Pat Laird and $2,450 to Mrs. Linnie Laird, together with interest thereon. The Court of Civil Appeals at Dallas affirmed the judgment of the trial court. 42 S. W. (2d) 483. Loving applies for writ of error.

The parties to this suit petition this court to grant the application for writ of error and approve the remittitur filed by them herein, modify the judgment of the lower courts in conformity with the remittitur, and such judgments as reformed be affirmed. The remittitur, in substance, provides that Pat

Laird, a minor, by next friend, and guardian, Mrs. Linnie Laird, and Mrs. Linnie Laird, individually, and by the attorneys, show to the court that they admit that the judgment rendered in their favor is excessive in the sum of $5,450, plus the accrued interest; that the judgment in favor of Pat Laird, a minor, is excessive in the sum of $4,172.22, plus the accrued interest, and that the judgment in favor of Mrs. Linnie Laird is excessive in the sum of $1,277.78, plus the accrued interest, and that a remittitur for the sum stated above is filed, so that the judgment will be reduced accordingly.

It appears from this record that Pat Laird, a minor, is represented by Mrs. Linnie Laird as his next friend and as his guardian, and the agreement presented here is signed by Mrs. Linnie Laird as next friend and guardian and it is also signed by the attorneys for defendant in error.

A certified copy of the judgment of the probate court where the guardianship proceedings of Pat Laird, minor, is pending, authorizing the guardian to settle in accordance with the terms of the agreement filed here by the parties the judgments of the trial court and the Court of Civil Appeals, accompanies the agreement. The motion made by the parties to grant the writ of error and modify the judgments of the lower courts in accordance with the agreement filed is presented for consideration without regard for the merits of the application for the writ of error. They further "pray that the court accept this remittitur, approve the same and reform the judgment and as so reformed, affirm the same."

The rule is well established that the appellate jurisdiction of the Supreme Court is derived from the law only and it cannot be conferred by consent or agreement of the parties. Section 3, Article 5, Constitution of Texas; Owens v. Tedford, 114 Texas, 390, 269 S. W., 418; McCullough v. McCullough, 120 Texas, 209, 36 S. W. (2d) (Com. App.) 459; 3 Texas Jur., pp. 66 and 67, sec. 23; 11 Texas Jur., p. 719, sec. 12. This being true, the agreement presented seeking to confer jurisdiction upon the Supreme Court for the purpose of effectuating a compromise or settlement of the judgments of the lower courts cannot be entertained. However, at this time we are merely considering the agreement of the parties as presentd for a compromise or settlement of the judgments above described and we are not passing upon the matters contained in the application for writ of error.

Therefore, the petition asking the Supreme Court to accept and approve the remittitur agreed to and filed by the parties,

and that the judgments of the lower courts be reformed in accordance therewith, and as so reformed be affirmed is overruled.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.