ROBERTS *v.* INTERNATIONAL HARVESTER CO.

(Division B. March 21, 1938.)

[179 So. 745. No. 33101.]

(Division B. May 2, 1938.)

[180 So. 747. No. 33101.]

G. L. Martin, of Prentiss, for appellant.

C. E. Thompson, of Prentiss, for appellee.

**G. L. Martin,** of Prentiss, for appellant on Motions.

**G. L. Martin,** of Prentiss, for appellant on Suggestion of Error.

448

**C. E. Thompson**, of Prentiss, for appellee, on Motions.

**Ethridge, P. J.**, delivered the opinion of the court.

The International Harvester Company sued out a replevin in the circuit court of Jefferson Davis county for one McCormick-Deering tractor, model No. F12, chassis No. fS, 29668; one McCormick-Deering tractor disk harrow; one No. 219 cultivator two-row spring trip attachment; one F69 planter two-row with one 30A fertilizer attachment. The affidavit for replevin gave the value of each piece of property separate, and the total value as being $560; alleging that such property was willfully and wrongfully detained in said county and state by T. T. Roberts; and that the International Harvester Company was entitled to immediate possession thereof. A writ of replevin was issued, describing each piece of property separately, with its value, and giving the total value. The sheriff levied upon the property, valuing each piece separately, as alleged in the affidavit, with the total value, in his returns. The defendant, Roberts, gave bond for the forthcoming of the property, valuing each article separately and in the total, as in the sheriff's return, and the affidavit.

The machinery was sold to Roberts by the Davis Implement Company of Prentiss, Miss., the contract of sale reserving title until it was paid for, said contract bearing date of April 21, 1936. The contract, reserving title

until the purchase money was paid, was an instrument in the form of a promissory note payable to the Davis Implement Company or order, at Prentiss, Miss., and provided that after maturity each installment should draw interest at 7 per cent.; and it was also agreed that if the note was not paid at maturity, Roberts would pay all expenses, including a 10 per cent. attorney's fee incurred in collecting the same by suit or otherwise. The note recites that it was given for the balance of the purchase price of the machines described above. The Davis Implement Company assigned this note, with reserved title, to the International Harvester Company for value shortly after its execution; the purchase price not being paid, this writ of replevin, after demand made, was sued out.

On the hearing witnesses for the International Harvester Company testified that such company was the purchaser for value in due course, without notice; and, also, that it sold machinery of its own manufacture to the Davis Implement Company, the latter not being an agent of the harvester company, but that it bought the implements manufactured by it direct, and the harvester company looked to it for payment, in case cash was not paid at the time of purchase; but that the International Harvester Company would take notes having a proper credit basis from its merchant customers, which had been taken by the latter from the customer making the purchase.

It was the theory of the appellant, Roberts, that the Davis Implement Company was the mere agent of the International Harvester Company, to make sales for it benefit. It is also contended by the appellant, Roberts, that certain parts of the machinery purchased were not, in fact, delivered, were never furnished to Roberts so that he could utilize the machinery in farm operations; and that several persons, representing, as he thought, the International Harvester Company, undertook to inspect the machinery and to put it in workable condition,

which, however, they failed to do. He seemed to know nothing more than the fact that these persons came in connection with the matter—he did not know whether they had any business relation with the International Harvester Company; nor was he able to prove that the International Harvester Company was a purchaser with notice of defects or imperfections of the machinery, or had acquired the note subject to defenses possessed by him against the Davis Implement Company. The defendant did not prove the value of the machinery to be different from that stipulated for in the contract of sale, or from that stated in the sheriff's return. The affidavit for replevin appended thereto, and return thereon by the sheriff, was introduced in evidence by the International Harvester Company. At the close of the evidence the court granted the International Harvester Company a peremptory instruction, and entered a judgment for the property, described in gross, without valuing the articles separately, and without giving the appellant the right to redeliver the property or such items thereof as he chose, or, as an alternative, to pay the value thereof.

A motion was made for a new trial, on which motion the court entered a corrected judgment, in which the property was separately valued, and also valued in gross, giving the appellant the right to redeliver the property, or to pay the value of each item, at his option. In other words, on the motion for a new trial the judgment conformed to the requirements of the law, although the original judgment was not in proper form. Also, on this motion for a new trial it was claimed that the defendant, Roberts, appellant here, had certain documents, letters, etc., which, if produced by him, would have tended to warrant and sustain a judgment in his behalf. It appeared, on the hearing of this motion, that all the letters and documents were in Roberts' possession prior to the trial, and that he had inadvertently or through forgetfulness failed to have them in court for introduction on the original hearing. The court held that he was

not diligent in presenting these alleged defenses at the trial, and declined to grant a new trial on that ground, or for any other ground set out in the motion for a new trial. It appears, from the showing made on this motion, that there had been a prior contract in regard to some machinery sold to Roberts, which had been adjusted by agreement two or three days before the execution of the note above mentioned; and it is probable that this agreement of adjustment had not been fully carried out. However, that matter was not timely presented, and it appears to have been a separate transaction.

We think the evidence in the record of the trial clearly shows that the International Harvester Company was a purchaser, in due course for value without notice of the note before maturity, and that the Davis Implement Company was not its agent, but a customer to whom the harvester company sold its products; that the Davis Implement Company was the owner of the machinery, and an independent dealer, having the right to sell to whom it would, on such terms as it would; and that the International Harvester Company would buy from the Davis Implement Company such notes as the credit department of the International Harvester Company approved as sound credit risks. There was no error in granting the peremptory instruction.

We also hold that the court had the right, on the motion for a new trial, to correct the judgment originally entered so as to conform to law. The evidence was in the record, the sheriff's return being evidence, with the list and affidavit of the value of the property, and of each item thereof separately valued therein. We are also of the opinion that the court committed no error in overruling the motion for a new trial on the other grounds set up therein. All of the papers and documents sought to be introduced on the motion for a new trial were in the possession of Roberts at the time of the original trial; and it was his fault that they were not then produced, and that no showing was made at that time as to in-

ability on the part of Roberts to produce them, nor was any delay sought, that they might be found and introduced. It is the duty of the party to have his case ready for trial when the trial is entered upon, or to produce satisfactory evidence of reasons why the trial should not then be had; and failing to do so, he cannot afterwards complain of the result of his failure to conform to his duty in that regard.

The judgment of the court below is affirmed.

Affirmed.

### ON SUGGESTION OF ERROR.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

We must decide cases here upon the record as certified to us by the clerk, not upon what the record might have been had the case been better tried. We have re-examined the record and upon it declare that no sound opinion could be written which would reverse the judgment.

### ON MOTION FOR A NEW TRIAL.

Appellant has made in this court, and since the affirmance of the judgment, a motion for a new trial on the ground of misconduct of his trial attorney, which misconduct, as appellant avers by affidavits now before us, was such as to render his said attorney incapable of properly presenting his case before the trial court. The Supreme Court is a court of appeals, without any such original jurisdiction as appellant has sought to invoke by his said motion. A motion for such matters as this must be first made in the trial court and the formal rulings of the trial judge had thereon, else they are not cognizable by us.

### ON MOTION FOR A MODIFIED JUDGMENT.

Appellant has filed a motion requesting in the alternative that the judgment of the trial court be modified

so as to order a sale of the replevied property as if in foreclosure or in execution. Appellee has filed its response to said motion consenting that the judgment be modified as requested by appellant.

The judgment as rendered by the trial court is in accord with section 3098, Code 1930, and there is no error in it. Inasmuch as the appellate power is expercisable only for the correction of error, it must follow that when there is no error there is no appellate power other than to declare that there is no error. And the parties cannot, by confession or consent, put error into a judgment when there is in fact no error therein. It follows, further, therefore, that if we were to act upon the stated request, we would have to do so as if a court of original jurisdiction; and since we have no such jurisdiction and none can be conferred by consent, our order of modification would have no more force than if made by private persons. 34 C. J., pp. 130, 131. Compare Loving v. Laird, 122 Tex. 18, 50 S. W. (2d) 260.

Nor is it necessary to the ends of legal justice that such modified judgment be entered here, or in the trial court, even if the trial court could have entered such an order. The action of replevin is possessory only. Scarborough v. Lucas, 119 Miss. 128, 80 So. 521; Jackson v. General, etc., Corp., 151 Miss. 890, 119 So. 808. When, and if, the replevied property is delivered to the plaintiff in replevin under the judgment, the plaintiff will have no absolute title to it, but only a lien thereon for the balance due of the purchase money, with the right to sell to make the same. The reservation of the title was but as security for the purchase price, and while sufficient to maintain replevin upon default of payment, yet when possession is recovered by the seller or his assignee, he must still deal with it as security and with reference to the equitable rights of the purchaser. Ross-Meehan Brake Shoe Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 615, 18 So. 364. The contract between the parties

expressly so provides, leaving aside what the law would require in the absence of such an express contract.

Suggestion of error and motions overruled.