HENRY PUCKETT *v.* GEORGE W. FORE.

1. PRIVILEGE TAXES.    *Code* 1880, § 589.    *Code* 1892, § 3401.    *Contracts. Renewals.*

   A note given for a debt contracted in the course of a business liable to a privilege tax, is void (under § 589, code 1880, and § 3401, code 1892, so providing) if the tax be unpaid; and any and all renewals of the debt are void.

2. REPLEVIN.    *Deed of trust.    Illegality.    Usury.*

   In an action of replevin by the trustee in a deed of trust given to secure a recited debt, the defendant may show illegality in a part of the debt and usury in other parts. and is entitled to an appropriation of payments to the valid part of the debt.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Fore, the appellee, was the plaintiff in the court below; Puckett, the appellant, was the defendant there. The action was replevin for property aggregating in value $612.25. On the trial the plaintiff offered in evidence a chattel mortgage or deed of trust, executed by defendant, conveying the property to

the plaintiff, as trustee, to secure an indebtedness much greater than $612.25, evidenced by promissory note and the note itself. By way of defense it was shown that the indebtedness evidenced by the note was composed of items, and the note had been given therefor as well as by way of renewal of the several previous notes mentioned in the opinion of the supreme court; that the first note for $937.69 was given for goods, wares and merchandise sold by the payee, a merchant, to defendant, and that at the time of the sales the merchant had not paid the privilege tax required of him by law, and that consequently this note was void, and being illegal, the note into which it was carried, by way of renewal, was to that extent at least void; that the four notes executed February 18, 1892, were usurious, and they too were carried by way of renewal into the note offered in evidence by the plaintiff, and it was further claimed by defendant that the payments made by him, which were shown in evidence, if applied, not to the illegal note, and not to interest on the usurious notes, were sufficient to satisfy the debt. The case was tried in the circuit court before the judge, the parties waiving a jury, who decided for plaintiff, the court entering a judgment in plaintiff's favor, reciting, "and it appearing that the plaintiff has given bond for the property, and now has the same in his possession, it is considered that the plaintiff retain the property levied upon." From this judgment the defendant, Puckett, appealed to the supreme court.

*H. B. Greaves,* for appellant.

The $937.69 note, which was renewed by the execution of the note offered in evidence by the plaintiff, was illegal and void. It was given for a debt contracted in the course of a mercantile business liable to a privilege tax. Code 1880, § 589. All renewals of such a note, even if submerged with valid obligations, are likewise utterly void. *Bank* v. *Frasier,* 63 Miss., 231.

The notes for $770.55, $480, $520, and $560, also renewed

by the note offered in evidence in plaintiff's behalf, were all usurious, and consequently under our law bore no interest. The usury in these notes was not purged, but was really compounded in the making of the renewal note. So the latter bore no interest. Now, if you deduct from the debt pretendedly secured by the deed of trust the illegal part and the usury, and apply the payments shown to have been made to the valid part of the debt, it will be paid and extinguished; at least reduced to an amount much less than the value of the property, on any theory of the evidence of payment; and if so reduced, the judgment is erroneous in not fixing the small balance due so that defendant could pay it, and thereby regain the property.

*Williamson, Wells & Croom,* for appellee.

It is impossible for the court to say, from this record, that the judgment on the facts was wrong. On the contrary, it is manifest that the indebtedness due under the deed of trust was largely in excess of the value of the property involved, and hence it was entirely unnecessary for the court to find the amount due. It is not true that the interest of the plaintiff was limited to a security for a debt which was less than its value. No alternative judgment was necessary to be awarded in favor of the defendant, for the reason that he owed largely more than the property was worth, and it had been sold under the deed of trust, and the proceeds applied to the debt.

WOODS, C. J., delivered the opinion of the court.

1. It appears from the transcript of the evidence introduced on the trial in the court below that the note of $937.69, charged up against appellant in his itemized account with Gaddis for the year 1890, was the balance due from appellant to Gaddis on his store account for the year 1889, and, for that year, confessedly, Gaddis failed to pay the proper amount of his privilege tax. This item was then uncollectible by reason of the vice which inhered in it, and it has so remained despite

all the renewals of it, and despite all the transmutations of mere form which it has undergone.

2. The four notes executed on February 18, 1892, for the sums of $770.55, $480, $520, and $560, respectively, are all tainted with usury, and this is plainly manifested by the evidence of Gaddis himself on his examination as a witness on the trial of the case below.

*Reversed.*