## SCARBOROUGH *v.* LUCAS.

[80 South. 521, Division B.]

1. LANDLORD AND TENANT. *Replevin. Delivery of property in pay ment of debt. Question for jury.*

   Where a tenant brought an action of replevin against the agent of his landlord in charge of the rented premises, the testimony of the agent that the tenant had turned over the property involved to him for the landlord in satisfaction of debts which the tenant owed the landlord, should have been submitted to the jury, where the tenant denied such agreement.

2. LANDLORD AND TENANT. *Landlord's lien. Removal of property.*

   Under the Code of 1906, section 1261 (Hemingway's Code, section 991), so providing, a tenant cannot, without his landlord's permission, remove from the rented premises the agricultural products raised on the place, nor property furnished him by the landlord, on which the landlord had a lien.

3. REPLEVIN. *Possessory character of action. Right to defend. Substitution.*

   The writ of replevin is a possessory action and does not necessarily involve title, and a defendant in charge of a plantation as agent for the owner can defend a suit in replevin by the tenant, though as such agent he has no personal title to or interest in or claim upon the property and such defendant agent is not compelled to proceed under Code of 1906, section 772 (Hemingway's Code, section 555), relating to substitution of parties.

4. REPLEVIN. *Burden of showing right to possession.*

In an action of replevin the plaintiff has the burden of showing his right to the immediate possession of the property in suit.

APPEAL from the circuit court of Bolivar county. HON. W. A. ALCORN, Judge.

Suit in replevin by Sam Lucas against E. E. Scarborough. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*G. G. Lyell* and *Somerville & Somerville,* for appellant.

*Powell & Mayes,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Sam Lucas sued out a writ of replevin against E. E. Scarborough, claiming that Scarborough unlawfully detained certain property, and that the affiant was entitled to the immediate possession of said property, and that it had been wrongfully taken from the possession of said Lucas less than thirty days prior to the suing out of the writ. Scarborough was the manager of a plantation owned by Dr. Guthrie, a nonresident of the state, and Lucas was a tenant upon the place in the year 1914. When Lucas went upon the place of Guthrie, Scarborough, acting for Guthrie, took up an indebtedness consisting of two deeds of trust upon some of the property involved in the suit and took a new deed of trust upon the property of Lucas for one of the deeds of trust so taken up. In addition to this, Scarborough, representing Guthrie, sold Lucas a mule and some other property, and Scarborough testifies that in the fall of the year, the price of cotton being low, and Lucas believing he could not pay out of debt, agreed with Scarborough to turn the property in the deed of trust over to Scarborough in satisfaction for

119 Miss.—9

his indebtedness. A portion of the property involved in the replevin suit was two thousand pounds of seed cotton and one hundred and fifty bushels of corn grown upon the leased premises during the year 1914. According to Lucas and his witnesses, Scarborough rendered him a statement showing his indebtedness to be two hundred, fifty dollars and agreed that if he could get this amount paid he might move from the premises, and that he got a Mr. Fink to agree to pay the said amount, and Fink sent his teams and wagons to move Lucas, when Scarborough refused to surrender the property involved in the suit unless he was paid something approximating six hundred dollars, which Mr. Fink refused to do. Subsequently Lucas moved off the place, but could not secure the possession of the property, and sued out the writ of replevin, giving bond in the first instance.

It does not appear to be disputed that Lucas owed Dr. Guthrie a sum of money not less than two hundred and fifty dollars, but which amounted to between five and six hundred dollars according to the testimony of Scarborough. Scarborough testified that he had no personal interest in the property and no personal claim against it, but that he was general agent and manager of Dr. Guthrie's plantation and that he had possession as such manager for Dr. Guthrie. Guthrie filed a claimant's issue, but before the trial of the issue between Scarborough and Lucas his attorneys dismissed that suit and relied upon the possession of Scarborough as agent of Dr. Guthrie. The trial judge on motion granted a peremptory instruction for the plaintiff, Lucas, and judgment was accordingly entered, from which this appeal is prosecuted.

Presumably the court below granted the peremptory instruction on the theory that Scarborough could not defend as agent of Dr. Guthrie. We think the court erred in two particulars, or two reasons: First, the testimony of Scarborough that Lucas had delivered the

property involved to him for Guthrie in satisfaction of
the debts he owed Guthrie should have been submitted
to the jury, as Lucas denied this agreement. And
second, that Lucas was not entitled to a peremptory in-
struction for all of the property involved for the reason
that some of the property was products grown upon
the leased premises, and some of the property was
furnished Lucas as a tenant, upon which furnishings
and agricultural products a landlord's lien existed, and
under the statute the property upon which such lien
existed could not be removed from the premises.

Section 1261, Code of 1906, section 991, Hemingway's
Code, reads as follows:

"Any person who, with notice of an employer's
employee's, laborer's, cropper's, part owner's, or land-
lord's lien on any agricultural products, and with in-
tent to defeat or impair the lien, shall remove from
the premises on which it was produced, or shall con-
ceal, or aid or assist to remove or conceal, anything
subject to such lien, and upon which any other per-
son shall have such lien, without the consent of such
person, shall, upon conviction, be punished by a fine
of not more than five hundred dollars, and by im-
prisonment in the county jail not more than six
months, or by either."

Under this section the plaintiff could not remove
the products grown on the place and the property
furnished upon which the lien existed without the
consent of the landlord.

The writ of replevin is a possessory action and does
not necessarily involve title. Scarborough being in
possession, lawfully according to his testimony, could
defend the suit of replevin, though he had no personal
title to or interest in, or claim upon, the property.
It is insisted by the appellee that Scarborough would
have to proceed under section 772, Code of 1906, section
555, Hemingway's Code, which reads as follows:

"Upon affidavit of a defendant before plea filed in any action upon contract, or for the recovery of personal property, that a third party, without collusion with him, has a claim to the subject of the action, and that he is ready to pay or dispose of the same as the court may direct, the court may make an order for the safe-keeping or payment, or deposit in court, or delivery of the subject-matter of the action to such person as it may direct, and an order requiring such third party to be summoned to appear in a reasonable time and maintain or relinquish his claim against the defendant. If such third party, being duly summoned, or in case he be a nonresident of or absent from this state, if publication of summons shall have been made for him as prescribed by law for nonresident or absent defendants in chancery, shall fail to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein; but if such third party appear, he shall be allowed to make himself defendant in the action at law instead of the original defendant, who shall be discharged from all liability to either of the other parties, in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit, or delivery thereof. If the claim of such third party extend to only a part of the subject-matter of the action, similar proceedings may be had respecting the part so claimed, and the action shall proceed as to the residue as in other cases."

Scarborough might have proceeded under this section had he desired to resort thereto and if he was willing to surrender the property, but he was not compelled to do so, and if he refused to do so and defended the suit it devolved upon the plaintiff to show the right of immediate possession to the property in himself.

Judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*