ASSOCIATES DISCOUNT CORP. *v.* RUDDOCK, et al.

No. 39641          June 13, 1955          81 So. 2d 249

534

*Wright, Overstreet & Kuykendall,* Jackson. for appellant.

*Pyles & Tucker,* Jackson, for appellees.

538

APPELLANT IN REPLY.

ARRINGTON, J.

The appellant, Associates Discount Corporation, filed an affidavit in replevin in the Circuit Court of the First Judicial District of Hinds County, against D. B. Ruddock, appellee here, seeking possession of a 1951 model Pontiac automobile. Appellee made bond and retained possession of the automobile. Upon the trial of the issue, the circuit court ordered that appellee restore the automobile to appellant or pay to appellant the sum of $294.80. From this judgment the appellant appeals and the appellee cross appeals.

The facts out of which this litigation arose are as follows: Appellee purchased the automobile in question from Madison Auto Sales, Inc., on November 25, 1952, under a conditional sales contract, made a down payment of $670.02, and executed a note calling for one installment in the sum of $84.65 and twenty-four monthly installments of $84.75 each. Madison Auto Sales retained title until all installments were paid. The total time purchase price of the automobile was $2,788.67. On the same date, appellant purchased from Madison Auto Sales, Inc., by proper endorsement and assignment, the aforesaid conditional sales contract. Appellee made eleven payments on this contract, paying a total sum of $932.15, leaving a balance due on the contract of $1,186.50.

On November 13, 1953, appellee executed a chattel mortgage in favor of Madison Auto Sales, Inc., in the sum of $321.60. This mortgage was given to secure the cost of repairs to the automobile. This chattel mortgage was

also assigned to appellant and the balance due on same at the time of trial was $294.80.

On November 27, 1953, because of increased obligations, appellee asked that his payments be rescheduled over a longer period of time. In accordance with this request, a second contract and note were executed calling for twenty-four monthly installments of $64.65 each, a total of $1,575.60. Of this figure, $1,063.86 was the balance due on the original contract executed November 25, 1952, after appellee was given a credit of $72.00, being an unearned insurance premium which had been refunded and an additional credit of $50.64, which Mr. Gilbert, the Branch Manager of Associates Discount Corporation, testified that it was considered appellee was due in rescheduling the contract over the other term. Mr. Gilbert was the only witness who testified in this case, and he further testified that check for $1,063.86 was issued, payable to themselves, at the time the loan was refinanced. A photostatic copy of their office record, which was introduced in evidence, showed the following notation: "11-27-53 Ref. by ADC 1063.86." Of the sum of $1,575.60, stipulated in the second note rescheduling the payments due under the original contract, $148.00 was for physical damage insurance on the automobile, $31.52 for life insurance on the appellee for the period of the contract, and $47.28 for personal accident insurance on the appellee, the insurance premiums totaling the sum of $226.80. All of the aforesaid insurance policies were required by the appellant in refinancing the original contract and were purchased by the appellant. The charges for refinancing the contract were $284.94. Appellee made no payments called for by this new contract.

Appellant, at the trial below, based its right to the possession of the automobile on the conditional sales contract executed November 13, 1953. Appellee set up the affirmative defense that both contracts were usurious in that they stipulated interest in excess of twenty percent per annum. Appellant filed a replication to the affirm-

ative matter alleged in the answer of appellee, and by way of special matter of denial and avoidance, alleged among other things that the contract of December 17, 1953 was executed for the sole and only purpose of extending and reducing the monthly payments on the unpaid balance of the contract of November 25, 1952, and did not release or obliterate the debt or the lien of the contract of November 25, 1952.

The Court below evidently was of the opinion that appellant had forfeited its rights under the contract of November 27, 1953, and that the only rights remaining to the appellant were under the chattel mortgage of November 27, 1953. The court instructed the jury to return a verdict for the plaintiff and to find the plaintiff's limited or special interest in said automobile at $294.80.

Under the ruling of this Court in the case of Yeager, et al v. Ainsworth, et al, 202 Miss. 747, 32 So. 2d 548, the conditional sales contract executed November 25, 1952, is not usurious, as the total amount of the contract, exclusive of insurance, was the time price which appellee agreed to pay for the automobile.

The conditional sales contract and note executed November 27, 1953 were usurious, the charges for financing being in excess of twenty percent per annum of the principal of $1,290.66. Appellant argues that although the second contract be usurious, it would have no effect on the rights of the appellant under the first contract, which was not usurious.

While this would be true under the general rule as announced in 55 Am. Jur., Usury, p. 388, Sec. 94, the decisions of our Court construing Section 36, Mississippi Code of 1942 (Sec. 1946, Code of 1930), are to the contrary. Section 36 reads as follows:

"The legal rate of interest on all notes, accounts and contracts shall be six percent per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And

if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.''

In the case of Hardin v. Grenada Bank, 182 Miss. 689, 180 So. 805, it was held that, although the original note provided for a legal rate of interest when it was subsequently renewed at a greater rate of interest than eight percent per annum and an additional sum of $900.00 was paid to the bank, the consideration for which was the extension of the loan and the further forbearance of the bank, the transaction became tainted with usury on the renewal date. In passing on this matter the Court said:

''. . . but when the bank received the note with 10 percent interest added thereto and the $900 bonus, usury was stipulated as to the note and actually accomplished as to the receipt and retention of the $900 bonus. The agreement to pay this additional $900 bonus was finally consummated and credited by the bank after the first maturity date of this loan. Such an agreement to pay more than the legal rate in consideration of forbearance is usurious. McAlister v. Jerman, 32 Miss. 142. The maximum legal rate of interest in this state during all the time of these transactions was 8 percent. See Section 1946, Code 1930 . . . The recitations in the deeds of trust show unmistakably that this was a continuous transaction from 1920 to the date of the foreclosure. It was not only tainted with actual usury collected $900 bonus being carried throughout the entire transaction from January 4, 1921 but it was a violation of the usury statute in that the renewal notes stipulated for a greater rate of interest than 8 percent per annum. The stipulation is condemned by the statute, although not actually

collected. Chandler v. Cooke, 163 Miss. 147, 137 So. 496. Section 1946, Code 1930, provides that 'if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory.' When a contract becomes tainted with usury, as in the case at bar, then all the payments made by the debtor to the lender are credited by the law to the principal and all interest is forfeited . . ."

Under the argument advanced by the appellant here, the appellee in Hardin v. Grenada Bank, supra, would not have forfeited the legal interest provided for in the original note, although the renewal note provided for interest in excess of 8 percent, but the court did not so hold.

And in the case of Chandlee v. Tharp, 161 Miss. 623, 137 So. 540, in addition to paying the interest accrued on the original note, which was not usurious, further sums were paid over a considerable period of time for extensions of the indebtedness, which sums, when added to the interest, amounted to more than twenty percent of the original indebtedness. The court held that both principal and interest were forfeited, and in passing on this question, said:

"It is next contended that an antecedent indebtedness is not affected by subsequent usurious renewals or extensions, and that since the original notes and deed of trust were free of usury when they were executed, there can be no recovery; and in support of this contention there is cited the announcement of this rule by text writers and the courts of other jurisdictions. Whatever may be the rule in other jurisdictions, it has been expressly held by this Court that in order to render the payment of an unlawful rate of interest usurious, the agreement so to do need not be 'contemporaneous with the making of the original contract, or then be in the minds of the parties,' and that all interest paid after the contract becomes usurious is forfeited, and may be recovered

back. Beck v. Tucker, 147 Miss. 401, 113 So. 209, 211. In the case of Rozelle v. Dickerson, 63 Miss. 538, it was held that any stipulation for usurious interest, whenever and however made, whether oral or written, brings the contract with which it is connected within the statute against usury, and that a contract to pay usurious interest on a promissory note for one year after its maturity works a forfeiture of interest accruing on the note as well after as during such year, in the absence of a subsequent express agreement for a legal rate of interest. In the case of Warmack v. Boyd, 63 Miss. 488, it was held that a subsequent note for usurious interest on a note previously executed destroyed the interest-bearing quality of the first note, and that it yielded no interest after the date of the usurious contract, and the court there refused to set aside a foreclosure sale that had been made to pay the usurious debt, and allowed a recovery of th usurious interest against the estate of the deceased creditor.

"In no event could the rule contended for be applied to the case at bar, for the reason that it comes within the condemnation of that provision of the statute which declares that the principal of the indebtedness shall be forfeited when more than 20 per cent interest is received directly or indirectly. To hold that the principal of the indebtedness was unaffected by the subsequent usurious exaction of interest at a rate of 20 percent per annum, for the reason that the contract was not usurious at its inception, would emasculate the statute. It is true that the contract here involved was not usurious at its inception, but, when the creditor subsequently received, indirectly, more than 20 percent per annum interest, it conferred upon the debtor the right to declare all the principal forfeited, and to recover back all payments made on the principal, as well as all usurious interest paid . . . ''

Appellant relies on the case of Jones, et ux v. Brewer, et al, 146 Miss. 142, 110 So. 116, but that case is not

applicable to the facts of this case for the reason that the Court held the transactions involved were separate and distinct. Appellant concedes in the instant case that the second contract was executed for the sole and only purpose of extending and reducing the monthly payments on the unpaid balance of the contract of November 25, 1952. This case is therefore controlled by the cases of Hardin v. Grenada Bank and Chandlee v. Tharp, supra.

■■■ We find no merit in appellant's contention that it is entitled to the possession of the automobile under its conditional contract irrespective of whether there is any amount due by appellee on the purchase price. Contracts of purchase of personal property, reserving title until purchase price paid, and giving the right to the seller to retake the property upon default of payment, are but as security for the purchase price. Roberts v. International Harvester Co., 181 Miss. 440, 454, 179 So. 745, 180 So. 747; Commercial Credit Co. v. Spence, 185 Miss. 293, 184 So. 439; Fanning v. C. I. T. Corporation, 187 Miss. 45, 192 So. 41; Martin v. Coker, 204 Miss. 576, 37 So. 2d 772.

■■ ■ Appellant, having forfeited all payments due for the purchase price of the automobile by reason of its usurious contract and note extending the payments over a longer period of time, has also lost its right to the possession of the automobile under its conditional sales contract.

Affirmed on direct and cross appeal.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.