ABLES, et al. *v.* CURLE

No. 40767          April 21, 1958          102 So. 2d 122

*Jas. T. Bridges*, Belzoni, for appellant.

*L. G. North*, Belzoni, for appellee.

ETHRIDGE, J.

In this replevin action Curle, the plaintiff, sought to obtain possession of an automobile, truck, and trailer which were given as collateral by Ables, defendant below, to secure a loan from Curle to Ables. The Circuit Court of Humphreys County gave a peremptory instruction for plaintiff, and from that judgment the defendant has appealed.

Curle did business as Belzoni Loan Agency. Ables executed a ''conditional loan contract'' which recited that he promised to pay to the Belzoni Loan Agency $690 in four monthly installments of $150 each, and a fifth one of $90, with interest at 6 percent per annum from date of maturity. The contract evidenced this loan made on the described personal property, and Ables pledged the vehicles as collateral security for payment of the note and contract. The instrument then provided: ''Title to said Chattels, described on the face hereof, shall remain in you until I have paid in cash all amounts owing hereunder. . . . Said Chattels shall remain personal property and nothing (anything which may be done by the parties hereto to the contrary notwithstanding) shall prevent you from removing same, or so much thereof as you in your sole discretion may determine, from any premises to which they may be attached, upon any breach of this contract. . . .

''Should I fail to pay my indebtedness hereunder, or any part thereof, when due, or breach this contract, the entire unpaid balance shall at once become due and payable at your election, together with an attorney's reasonable fee of the unpaid balance if this contract is placed with an attorney. In such case, I agree to pay you said amount or, at your election, to deliver the Chattels to you, and you may without notice or demand, by process of law or otherwise, take possession of said Chattels wherever located and retain all moneys paid thereon for the reasonable use of said Chattels and I will pay for necessary repairs because of damage thereto; and you

may sell the same at public or private sale and apply the proceeds, after deducting all expenses, to the payment of my said indebtedness, and pay me the surplus, if any, or in case of a deficiency I will pay you the same at once.

"I waive all claims, damages and demands against you arising out of the repossession, retention, reparation and sale as aforesaid."

Ables paid the first installment of $150, but nothing else. He admitted that the balance of the debt was past due and unpaid. The declaration in replevin so alleged. To it defendant pleaded "not guilty", under Code of 1942, Section 2859. Curle testified that, when he took this note and contract from Ables, he gave Ables $670, the remaining $20 being interest at a legal rate. On the contrary, Ables said that, when he executed the note and contract, Curle handed him $600 in cash and told him the last note of $90 would be interest for the loan. Another witness testified that interest on $600 at 20 percent for six months would be $60. Hence under defendant's theory, the interest of $90 for six months would be in excess of 20 percent, and, under Code Section 36, the principal and all interest would be forfeited, and the contract would be invalid.

The circuit court gave a peremptory instruction for plaintiff, and assessed his damages at $585.95, which was the amount of principal and interest due and owing under plaintiff's theory of the case.

Appellant contends, first, that the trial court erred in giving the peremptory instruction for plaintiff, because the contract contained no words of alienation from Ables to Curle, and therefore Curle had no right to the immediate possession of the property; that the instrument is not a conditional sale, pledge, deed of trust, or chattel mortgage, and at most it constitutes an equitable mortgage which would be enforceable by appellee in equity, but will not support an action in replevin.

Although the common law rule that replevin will lay only for goods wrongfully distrained seems to

presuppose a pervious actual possession by the plaintiff, the modern rule, including the one in Mississippi, is that the action may be maintained by one having a right of possession, irrespective of whether he has ever had possession or not. Miss. Code 1942, Sec. 2841; 46 Am. Jur., Replevin, Sec. 24.

Appellant agreed that, in the event of default in payments, appellee could take possession of the chattels, sell them, and apply the proceeds to payment of the debt. Appellee was therefore warranted in bringing an action of replevin for possession upon default by Ables.

Nevertheless, the trial court erred in giving a peremptory instruction for appellee. The testimony created a conflict on the issue of whether the contract was usurious by charging an interest rate in excuse of 20 percent per annum. The plea of "not guilty" puts in issue all questions pertaining to the right of plaintiff to possession of the property. Code 1942, Sec. 2859; 46 Am. Jur., Replevin, Secs. 100, 26; Strider v. Calvert Fire Insurance Co., 85 So. 2d 183 (Miss. 1956); McCaskill v. Little, 214 Miss. 331, 58 So. 2d 801 (1952); Munn v. Potter, 111 Miss. 180, 71 So. 315 (1916). So the plea in replevin of "not guilty" puts in issue a defense of usury without the necessity of affirmatively stating it.

If the contract is illegal for that reason, of course a plaintiff in replevin has no right to possession of the property. Puckett v. Fore, 77 Miss. 391, 27 So. 381 (1899); Associates Discount Corp. v. Ruddock, 224 Miss. 533, 81 So. 2d 249 (1955).

Hence the defendant's evidence properly made an issue of fact for the jury as to whether the contract was invalid because usurious in providing for interest in excess of 20 percent per annum. The learned trial court erred in failing to submit this issue to the jury. It is not necessary for the record to contain a refused instruction requested by defendant asking the court to submit this issue. Plaintiff's request for a peremptory

instruction searched the record, which in turn reflected this issue of fact. The case will therefore be reversed and remanded for a new trial in accordance with this decision.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.