ROBINSON et al. *v.* FRIENDLY FINANCE COMPANY OF BILOXI, INC.

No. 41871 May 15, 1961 130 So. 2d 256

240

*Albert Sidney Johnston,* Biloxi, for appellants.

*Louis Hengen,* Biloxi, for appellee.

RODGERS, J.

The appellant Emmitt S. Robinson borrowed $2,800.00 from the Acceptance Corporation of Mississippi, payable in 24 installments of $120.00 each. It is alleged that Emmitt S. Robinson gave a chattel mortgage at the same time, to secure the payment of the note, in which Louis

Hengin was named trustee. The loan transaction was arranged through the Friendly Finance Company of Biloxi, Inc., acting as a loan broker. The appellant failed to make the payments on the note, and the appellee purchased the note from the Acceptance Corporation of Mississippi, for the balance due on the note. The note and chattel mortgage were assigned to the Friendly Finance Company of Biloxi, Inc., by the Acceptance Corporation of Mississippi. The president of the Friendly Finance Company of Biloxi, Inc., made an affidavit and obtained a replevin writ for the property described in the chattel mortgage and also certain other property not included in the chattel mortgage. The defendant gave bond as required by the statute, and retained the property. The plaintiff filed a declaration in the County Court of Harrison County, to which the defendant filed a demurrer. The county court struck out of the declaration and suit the property not described in the chattel mortgage, and after an amendment of the declaration the defendant filed an answer, in which he pleaded the statutory answer of "not guilty", and a plea of counter claim. The defendant sought by his counter claim to recover a money judgment against the plaintiff for an alleged violation of the "Small Loan Regulatory Act", Sections 5591-01 through 5591-20, Miss. Code 1942, Rec. The defendant's counter claim was stricken from the answer by the county court on motion of the plaintiff, and the replevin suit was tried upon the "not guilty" plea filed by the defendant. The county judge granted a peremptory instruction for the plaintiff directing the jury to find for the plaintiff and fix the value of the property.

In compliance with the instruction of the court the jury returned its verdict for the plaintiff and fixed the value of the property replevined. A judgment was accordingly entered by the County Court of Harrison County in the regular statutory form.

·From this judgment the defendant appealed to the circuit court, and the circuit judge entered an order to the effect ''that the plaintiff Friendly Finance Company of Biloxi, Inc., was not entitled to a judgment for the possession of the property in this case for the reason that the Trustee in the chattel deed of trust is the party entitled to the possession'', and reversed the case and rendered judgment for the defendant Emmitt S. Robinson. The defendant has appealed to this Court and complains that the instructions granted in the county court were erroneous; that the circuit court was in error in entering a judgment ''to the effect that the appellant Robinson was not entitled to recover on his counter claim.''

■■ The statutory replevin proceeding is purely a possessory action under the laws of this State. Scarborough v. Lucas, 119 Miss. 128, 80 So. 521; Moore v. Cunningham, 124 Miss. 537, 87 So. 112. ■■■ The affidavit in replevin must aver that the plaintiff is entitled to the immediate possession of the property sought to be recovered (Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 879) unless the replevin action is brought for the use of another. Meyer v. Mosler, Bahan & Co., 64 Miss. 610, 1 So. 837.

■■■ The circuit judge was therefore correct in holding that the Friendly Finance Company of Biloxi, Inc., could not maintain an action in replevin on a chattel mortgage before foreclosure; because the right of possession was in the trustee named in the chattel mortgage. McCarty v. Key, 87 Miss. 248, 39 So. 780.

The circuit court, having found that the plaintiff in the cause of action had no right to maintain a replevin suit against the defendant for the property described in the affidavit and declaration, should have entered judgment in the form set out in the statute.

The defendant offered to prove in the county court that the note was usurious, and was therefore void both

as to principal and interest under Section 5591-10, Miss. Code 1942, Rec.

 The burden of proving the right to the immediate possession of the property sought to be recovered, is upon the plaintiff in a replevin action. Brunson v. Volunteer Carriage Co., 93 Miss. 793, 47 So. 377; Scarborough v. Lucas, 119 Miss. 128, 80 So. 521; Spears v. Robinson, 71 Miss. 774, 15 So. 111. The plaintiff may show that the figures in a note are charges allowed by law and not interest. Early v. Williams, (Miss.) 123 So. 2d 446. On the other hand, the defendant may, under his plea of not guilty, show that the chattel mortgage is void, as a defense to the replevin action. Puckett v. Fore, 77 Miss. 391, 27 So. 381; Associates Discount Corp. v. Ruddock, et al, 224 Miss. 533, 81 So. 2d 249. The defendant may introduce evidence to show an affirmative defense under the plea of not guilty. See Section 2859, Miss. Code 1942; Munn v. Potter, 111 Miss. 180, 71 So. 315; McCaskill v. Little, 214 Miss. 331, 58 So. 2d 801.

 The defendant Emmitt S. Robinson alleged as an affirmative defense that he did not sign the chattel mortgage and that the note on which the replevin action is based, is a usurious note in violation of Section 5591-10, Miss. Code 1942. The burden of proof was therefore upon the defendant to sustain his affirmative defense. Stewart v. Graham, 93 Miss. 251, 46 So. 245. The defendant could not maintain a counter claim for a money judgment against the plaintiff in a replevin action, but he could introduce evidence to sustain his affirmative defense. The county court had not permitted the introduction of evidence on the question as to whether or not the note was usurious, on the theory that no evidence would be permitted to establish a counter claim. The judgment of the circuit court sustained the action of the county court on this point, and, although the case must be dismissed, the judgment should be corrected insofar as the right to introduce the affirmative testimony is concerned.

The judgment of the circuit court dismissing the replevin action is, therefore, affirmed, and the defendant will retain possession of the property described in the declaration in this case, but that part of the judgment of the circuit court which adjudicates the right of the defendant to introduce testimony to show that the replevin suit is based upon a usurious note, will be reversed and the plaintiff will be taxed with all the costs.

Affirmed in part, reversed in part.

*McGehee, C. J.,* and *Gillespie, McElroy,* and *Jones, JJ.,* concur.