INZER, Justice:
This is a replevin suit brought by ap-pellee Michigan National Bank in the Circuit Court of Wayne County by filing its affidavit wherein it alleged that a certain house trailer of the value of $4,491.-76 was its property and it was wrongfully withheld by appellants, Robert E. Patrick and Reon Patrick, and that it was entitled to the immediate possession thereof. The writ was issued and the sheriff took possession of the trailer. On the failure of the Patricks to make bond to retain possession of the trailer, the bank made the bond as authorized by statute and the trailer was delivered to the bank. Thereafter the bank filed its declaration which alleged the same facts as were set up in the affidavit. No muniment of ownership was set out in the declaration and neither was any made an exhibit to the declaration. Appellants answered as required by statute by a plea of not guilty and requested that the property be returned to them and asked for damages for the wrongful suing out of the *275 writ. They also filed two affirmative defenses, one in which they alleged that they had paid all installments due at the bank and that they should have the trailer restored to them, together with the damages. The other defense was that the contract of purchase was usurious and that the property should be restored together with a reasonable sum for the wrongful taking.
At the next term of court an order was entered taking the case out for trial in vacation. Appellant did not agree to the entry of this order and a trial was not had in vacation. At the next term of court when the cause came on for trial appellants filed a motion for a jury trial which was overruled. It appears from the bill of exceptions in this case that the courthouse was being repaired and no petit jurors were summoned for this term of court. Appellee had out of state witnesses present and the court stated that the trial would proceed and if it developed that a jury issue was involved the cause would be continued until such time as it could be tried before a jury.
The bank introduced into evidence the affidavit in replevin, the writ of replevin with the sheriff’s return thereon and its declaration in replevin and without introducing any further testimony, rested. Appellants moved the court for a directed verdict. This motion was overruled. Appellants then called R. W. Rice, a representative of the bank, as an adverse witness. They proved by Rice that the bank was the holder of the conditional sales contract executed by Virginia Thomas to South Mississippi Trailer Sales Company and that the appellants had assumed this indebtedness. The contract was introduced in evidence and Rice testified that payments due thereon were in arrears at the time the affidavit in replevin was filed. It was also established that the trailer was damaged and that the insurance company issued its check in the amount of $494.48 payable to the bank and appellants. This check was endorsed by appellants and returned to the bank who applied it on the terminal end of the contract. Robert Patrick testified that the bank, acting through Mr. Rice, had agreed to apply the insurance money on the current payments and at the time the trailer was replevined, he was not in arrears in his payments. The attorney who represented Patrick in the negotiations with the bank relative to the application of the insurance proceeds testified that Rice agreed in a telephone conversation with him that the insurance money would be applied on current payments and not on the terminal end of the contract. Rice denied he made any such agreement and testified that it was understood that the proceeds would be applied to the terminal end of the contract but admitted that if the insurance proceeds had been applied to the current payments, then appellants would not have been in arrears at the time the replevin action was instituted.
Appellants first assign as error the action of the trial court in overruling their motion for directed verdict at the conclusion of appellee’s evidence. This action on the part of the trial court was error and the motion should have been sustained. The appellee had introduced no evidence to show its right to the immediate possession of the trailer. The burden of proving the right to immediate possession of the property sought to be recovered in the replevin action is on the plaintiff. Likewise the burden is upon a defendant in a replevin action to prove its affirmative defense. The burden was upon appellee to prove that it was the holder of the conditional sales contract executed by appellants and that appellants were in arrears in their payments. Robinson v. Friendly Finance Co. of Biloxi, 241 Miss. 239, 130 So.2d 256 (1961); Scarborough v. Lucas, 119 Miss. 128, 80 So. 521 (1918); Brunson v. Volunteer Carriage Co., 93 Miss. 793, 47 So. 377 (1908). However, appellants by going forward with the proof supplied sufficient evidence favorable to appellee to withstand the motion for directed verdict made by appellants at the conclusion of the evidence. The rule is that when a person entitled to a directed verdict at the conclusion of the *276 opposite party’s testimony, elects to go forward with the introduction of their evidence, the right to stand alone upon the evidence of the opposite party is waived. In Hattiesburg Butane Gas Co. v. Griffin, 206 So.2d 845 (Miss.1968), we said:
Finally, it is well settled that the introduction of evidence by a defendant after the rejection of his motion for a directed verdict at the close of the plaintiff’s evidence constitutes a waiver of his right to complain of the trial court’s ruling. E. g., Illinois Cent. R. R. v. Perkins, 223 Miss. 891, 79 So.2d 459 (1955); Frisby v. Grayson, 216 Miss. 753, 63 So.2d 96 (1953); Dixie Drive It Yourself Sys. Jackson Co. v. Matthews, 212 Miss. 190, 54 So.2d 263 (1951). Once a defendant’s motion for a directed verdict is overruled and he introduces his evidence, the overruled motion is “out of the case for all time,” and if the defendant later desires a peremptory instruction or directed verdict, he must make a second motion for it at the close of all of the evidence. Haut v. Kleene, 320 Ill.App. 273, 278, 50 N.E.2d 855, 857 (1943); 88 C.J.S. Trial § 254, at 607 (1955). (206 So.2d at 847).
Appellants assign as error the action of the trial court in failing to find that a question of fact existed for jury determination and by denying appellants a right to trial by jury. It is clear from the evidence in this case that it was a jury issue as to whether appellee was entitled to possession of the trailer at the time it was replevined. This involves the alleged agreement as to the application of the proceeds of the insurance check. Appellants say that it was agreed that it would be applied on the current payments, while appellee contends that it was understood it would be applied on the terminal payments due under the contract. Appellants were entitled to have this issue submitted to the jury unless as contended by appellee they waived diis right. The bill of exceptions in the record signed by the circuit judge clearly refutes any contention that appellants waived their right to a jury trial or agreed to try the case without the intervention of the jury. The trial judge in finding for appellee apparently was of the opinion that the evidence on behalf of the appellants was insufficient to raise a question for the jury. In so holding he was in error and for this reason this case must be reversed and remanded for another trial.
Reversed and remanded.
ETHRIDGE, C. J., and BRADY, SMITH and ROBERTSON, JJ., concur.