BROOM, Justice:
This is an appeal from the Circuit Court of Adams County, Mississippi, which court sustained appellee’s motion for a directed verdict at the conclusion of the presentation of appellee’s case below. We affirm.
A replevin suit herein was initiated by appellee, Ogden. The usual affidavit in replevin charging wrongful detention of personal property was filed by appellee. A writ of replevin was issued by the clerk of the court for seizure of the property. Subsequently appellee filed his declaration setting out in detail the facts on which he based his action in replevin. Rawles, the appellant herein, responded to the declaration by filing an answer and a plea in re-coupment. Subsequently appellant moved the court for authority to withdraw his answer and recoupment plea and to file his plea of “not guilty.” Upon his motion, appellant’s earlier pleadings were withdrawn and his plea of “not guilty” was permitted by the court to be filed. His other pleadings having been withdrawn on his application, appellant at his election then stood solely on a “not guilty” plea.
In this posture the cause went to trial and appellee testified in his own behalf, making out his prima facie case. The appellant sought to cross-examine appellee on the question of mutual release allegedly executed by and between the parties in October 1971. The matter of mutual release was an affirmative defense not specially pleaded which appellant sought to have introduced into evidence by cross-examination of the appellee. Such cross-examination was not permitted by the trial court and this action is assigned as error. When cross-examination was completed, counsel for appellee -on redirect examination of ap-pellee completed his case and rested. Ap-pellee then moved the court for a directed verdict against appellant upon the ground that amended section 2859 of the Mississippi Code 1942 Annotated (Supp.1972) no longer provided for or permitted a plea of “not guilty.” The assertion was that Mississippi Code 1942 Annotated section 1475.5 (1956) requires that a full answer shall be made and that all matters of fact averred in the declaration and not so denied by an answer may be taken at the hearing as admitted. It was contended that the pleadings filed by appellant admitted all the allegations of the declaration and that in effect said appellant’s “not guilty” plea was the equivalent of no answer or plea at all. The question before us in effect is whether or not a plea of “not guilty” is still permissible in our jurisprudence.
Three sections of the Mississippi Code 1942 Annotated are pertinent here and they are quoted as follows:
§ 1475.5. Defenses to be set up by way of answer — abolition of pleas.
1. Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; . . .
2. (a) The defendant shall answer fully all the allegations of declaration without being specially interrogated. All matters of fact averred in the declaration and not denied by the answer may be taken at the hearing as admitted.

§ 2859. The pleadings. [ In Replevin ] (Prior to 1960)
The declaration may be filed after the issuance of the writ, if it be filed on or *534 before the first day of the return term, or before any order of dismissal be taken; and the action may be tried at the first term of the court. [The defendant may plead that he is not guilty of the premises charged against him, and this plea shall put in issue not only the right of the plaintiff to the possession of the property, but also the wrongful taking and detention, or wrongful detention thereof, as the case may be.]
(Brackets supplied to show part deleted by amendment in 1960.)
§ 2859. The pleadings. [ In Replevin ] (After 1960)
The declaration may be filed after the issuance of the writ, if it be filed on or before the first day of the return term, or before any order of dismissal be taken; and the action may be tried at the first term of the court. The defendant may plead as provided by law.
It is admitted and well established that prior to the amendment of section 2859 in the year 1960, a defendant in a replevin suit could enter a plea of “not guilty” since it was specifically allowed by section 2859. Such a plea was the only permissible defensive response to a replev-in action. Since replevin in Mississippi is purely a statutory proceeding, the application and use of replevin, although having common law roots, is controlled by statute. We note that the 1960 amendment to section 2859 omitted any words such as “not guilty.”
While there are perhaps among lawyers and writers in this state differences of opinion concerning how a defendant is to plead defensively in replevin actions, as shown by treatises and law journal articles cited by appellant herein, this Court as early as 1963 addressed itself to the question before us. Carruth v. Easterling, 247 Miss. 364, 150 So.2d 852 (1963). As stated by us in Carruth, the action of replevin is derived from the two sources, common law and English statutory law. Carruth held, among other things, that the 1960 amendment to section 2859 does not permit a defendant to file a counter claim as provided by section 1483.5 in a replevin action. Carruth sets forth a general discussion of the nature of a replevin action and said decision sets forth the following language which is applicable here:
We are of the opinion, however, that the amendment to Sec. 2859, Code 1942 (Laws 1960), requires any answer which is filed, to conform with Sec. 1475.5, Code of 1942 .... (247 Miss. at 377, 150 So.2d at 858.)
Appellant here cites as authority that he may still enter a plea of “not guilty” the case of Robinson v. Friendly Finance Company of Biloxi, 241 Miss. 239, 130 So.2d 256 (1961). While language therein shows that the replevin suit of that case was tried upon the “not guilty” plea, that case is not authoritative because it involved construction of section 2859, supra, as it was prior to its amendment in the year 1960.
Appellant also cites the case of Patrick v. Michigan National Bank, 220 So.2d 273 (Miss.1969). In that case is found the following language: “Appellants answered as required by statute by a plea of not guilty . . . .” Obviously this case was tried subsequent to 1960, the year in which the amendment was passed, and was tried upon facts which originated or occurred subsequent to the enactment of the amendment. The quoted language of the opinion was obiter dictum. It is not controlling or applicable because the problem now before us was not identified or involved in the presentation of that case to the trial court or to this Court. In Patrick neither the trial court nor this Court was even concerned with the problem or question of whether or not a plea of “not guilty” was or now is still permissible as a defense in a replevin action. Obviously that part of the quoted language “as re *535 quired” was not intended as a statement of any controlling principle in the case. It was merely a passing restatement of the rule existing prior to 1960, frequently referred to in earlier decisions of this Court prior to 1960' when “not guilty” was the only permissible plea. Both parties hereto concede that no longer is the plea of “not guilty” required but appellant here urges that under section 1475.5, supra, and section 2859, supra, as it existed after 1960, he should have been permitted to stand on his plea of “not guilty” and introduce any affirmative defense that he might have had. Appellant contends that a defendant to a replevin has the option of either filing an answer pursuant to section 1475.5, or pleading “not guilty” under section 2859 since said Code section states “may plead as provided by law.” We do not agree.
As held by us in Carruth, supra, some ten years ago, any answer to a re-plevin action must conform to section 1475.5, supra. The legislature in its 1960 amendment to section 2859 extracted from the statute and replevin actions the plea of “not guilty.” No longer is the plea of “not guilty” permissible and such a purported plea is in effect no answer at all. Therefore, we are of the opinion that the action of the lower court was correct.
Affirmed.
RODGERS, P. J., and SMITH, ROBERTSON and SUGG, JJ., concur.