LETTS, Judge.
The issue before us is whether a principal can give a power of attorney to an agent to bring a replevin action. The trial judge said he could not. We disagree and reverse.
Section 78.055, Florida Statutes (1985), specifies that a complaint in a replevin action should contain a statement that the plaintiff is the owner of the claimed property or is entitled to pdssession of it. It is argued here that one who merely possesses a power of attorney does not qualify under that statutory language.
We find nothing in the statute to prohibit a principal from granting a power of attorney to an agent. See Hodges v. Surratt, 366 So.2d 768 (Fla. 2d DCA 1978). We realize by giving effect to a valid power of attorney it might appear at first blush that we are giving a fugitive from justice the chance to litigate by proxy. See United States v. One Hundred Twenty-Nine Thousand Three Hundred Seventy-Four Dollars, 769 F.2d 583 (9th Cir.1985); United States v. Forty-Five Thousand Nine Hundred Forty Dollars, 739 F.2d 792 (2nd Cir.1984). That would be an inaccurate conclusion. An excellent discussion on this very problem is contained in the case of In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA 1986), authored by Judge Hurley. We agree completely with Wellcraft Scarab.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
HERSEY, C.J., and GUNTHER, J., concur.