MAXWELL, J.,
for the Court:
¶ 1. This is an appeal of a replevin — a legal action to gain possession of personal property wrongfully held by another. “Although replevin was recognized in early common law, its use has been controlled and regulated by statute for several hundred years.”[1] Mississippi’s replevin statute gives would-be possessors two procedural options — (1) request that the court issue a writ to seize the property from the defendant or (2) ask the court to summon the defendant for a hearing to determine who has the right to possess the property. Because, under the first option, the plaintiff gets the property based on his own *113 unchallenged allegations, the statute requires the plaintiff first post a bond before the writ is issued. But the second option does not require a bond, since the court does not award possession until after it considers each party’s claims to the property.
¶ 2. Richard Lacoste argues the “failure” by Systems & Services Technologies, Inc. (SST) to post a bond renders invalid the judgment awarding it possession of a recreational vehicle (RV) securing a debt Richard had failed to pay. However, SST clearly used the second option for its re-plevin, so no bond was required.
¶3. Further, we find SST sufficiently supported its claim for possession of the RV and attorney’s fees under the loan agreement. There was no contradictory assertion, let alone evidence, from Richard that he did not owe the debt. Nor did he show he was current on his payments and was not wrongfully detaining the RV. Thus, we affirm the circuit court’s award of possession of the RV to SST, as well as its award of attorney’s fees to SST under the loan agreement.
Background Facts and Procedural History
¶ 4. In 1999, Richard and Linda Lacoste financed the purchase of a used RV with a secured loan assigned to Bank One. In 2009, the Lacostes stopped making payments, despite still owing $62,642.43, plus additional interest. By this time, Bank One had merged with JP Morgan Chase Bank, making JP Morgan Chase the owner of the Lacostes’ loan and lienholder of the RV. JP Morgan Chase had appointed SST power of attorney to service the Lacoste loan, authorizing SST to collect payments and, in case of default, the collateral.
¶ 5. In June 2010, SST exercised its power of attorney on behalf of JP Morgan Chase and commenced a replevin. Instead of seeking immediate seizure of the RV under Mississippi Code Annotated section 11-37-101 (Rev.2012), SST elected to follow the procedure of section 11-37-131 (Rev.2012) and summon the Lacostes to court. Possession under this latter course necessarily takes a little longer, as a hearing and a determination of the merits must precede an award of possession. And here, the case drug on until October 2012. So SST had to wait more than two and a half years before finally being granted the right to possess the RV, which by that time had depreciated in value to under $20,000.
¶ 6. Back in June 2010, SST utilized section 11-37-131 and asked the circuit court to issue summonses to the Lacostes to appear before the court to determine the rights to the RV as between SST and them. SST also prayed for attorney’s fees, under the terms of the loan agreement. While the summons against Linda was never executed, Richard was properly summoned. He filed an answer to SST’s complaint, along with a motion to dismiss. And he was notified of a hearing in February 2011.
¶ 7. Following this February hearing, the circuit court entered a final judgment awarding SST possession of the RV. But within ten days of the judgment, Richard moved to set aside the resulting writ. The circuit court stayed the writ, pending a second hearing. During the time the writ was being stayed, Richard reasserted his motion to dismiss SST’s complaint. SST in turn moved for summary judgment. Richard responded by moving to strike the affidavits SST had offered in support of summary judgment.
¶8. In June 2011, the circuit court entered a second “final judgment.” The judge found there were no material facts in dispute and that SST was entitled to possession as a matter of law, so he once *114 again granted SST possession of the RV. However, Richard moved to set aside the judgment once more, this time arguing his attorney had not been notified of the summary-judgment hearing. He also claimed the judge had failed to rule on his motion to dismiss and motion to strike. And once again, the circuit court agreed to set aside the judgment of possession and hold a hearing.
¶ 9. Another hearing was set for October 11, 2012. Thereafter, on October 22, 2012, the circuit judge entered three orders. The first dismissed the complaint against Linda, finding she had never been properly summoned. The second denied Richard’s motion to strike SST’s affidavit and motion to dismiss SST’s complaint. The third found SST’s motion for summary judgment well-taken and awarded SST immediate possession of the RV and “reasonable attorney’s fees in the amount of $7,461.81 for efforts required to recover the above property.”
¶ 10. Richard appeals the second and third orders — the denial of his motion to strike SST’s affidavits, the denial of his motion to dismiss SST’s complaint, and the award to SST of possession of the RV and attorney’s fees under the loan agreement.
Discussion
I. “Failure” to Post Bond
¶ 11. “Replevin is one of the most ancient and well-defined writs known to the common law.” Three States Lumber Co. v. Blanks, 133 F. 479, 481 (6th Cir.1904). But despite its deep common-law roots, replevin is now purely governed by statute. Rawles v. Ogden, 284 So.2d 532, 534 (Miss.1973).
¶ 12. Richard first argues the circuit court failed to follow the replevin statute by not requiring SST to post bond. In support, Richard cites Mississippi Code Annotated section 11-37-101, which requires a replevin plaintiff to post a bond double the value of the personal property when “immediate possession ” of the property is sought. (Emphasis added). But this route is just one of two replevin options authorized by statute. And here, SST did not seek immediate possession, so section 11-37-101’s bond requirement did not apply.
¶ 13. As mentioned, Mississippi’s re-plevin statute gives plaintiffs like SST two options when commencing a replevin — (1) seek immediate possession under section 11-37-101 or (2) wait until the court determines the plaintiffs right to possess under section 11-37-131. Only under the first “immediate-possession” option is a bond required. This is because, when an action is commenced under section 11-37-101, the court issues a writ directing the sheriff to seize the property from the defendant and turn it over to the plaintiff. Since the writ issues solely on the plaintiffs unchallenged allegations of his right to possess, the statute requires he post a bond double the value of the property, to protect the defendant if it turns out the plaintiffs immediate seizure of the property was wrongful. Miss.Code Ann. § 11-37-101(e).
¶ 14. However, when an action is commenced under section 11-37-131, instead of a writ, the court issues a summons. This summons directs the defendant “to appear for a final hearing to determine the rights of the parties as to possession.” Miss.Code Ann. § 11-37-131. Because, under this option, possession is awarded after an adjudication of the merits of the plaintiffs claim, there is not the same concern that the defendant may be damaged by the plaintiffs wrongful possession. Thus, no bond is required. See id.
¶ 15. Contrary to Richard’s assertion, SST clearly filed a section 11-37-131 re-plevin. In its complaint, it asked the court *115 to issue summonses to Richard and Linda Lacoste. It did not ask the court to issue a writ directed to the sheriff to seize the RV. And the court’s award of possession to SST followed a hearing in which the court determined the evidence indisputably entitled SST to possession. As SST’s eventual award of possession of the RV was anything but “immediate,” the circuit court was under no statutory requirement to set a bond amount or require SST to post bond when it issued its third “final judgment” awarding SST possession.
II. Award of Summary Judgment

A. Relationship Between Replevin Statute and Rules of Civil Procedure

¶ 16. Replevin is governed by Mississippi Code Annotated sections 11-37-101 to -157 (Rev.2012), and its proceedings are “supplemented only by so much of [the Mississippi Rules of Civil Procedure] as are not inconsistent with those statutes.” Hall v. Corbin, 478 So.2d 253, 256 (Miss.1985). Here, the circuit court used Rule of Civil Procedure 56 to award SST possession via summary judgment. So as a preliminary matter, we ask whether this procedure under the rules supplemented or was inconsistent with the procedures under our replevin statutes.
¶ 17. Ideally, Rule 56 should never come into play in a replevin. As the re-plevin statute directs: “All replevin actions shall be treated by the court as preference cases and shall be heard on the merits at the earliest possible date, with the view of reaching an early determination as to the rights of the parties to the property in question.” Miss.Code Ann. § 11-37-145 (Rev.2012) (emphasis added). And “[w]here process in any replevin action is by way of a summons,” a trial on the merits may be held as soon as five days following process. Miss.Code Ann. § 11— 37-139 (Rev.2012). Thus, the statute contemplates an expedited cause of action, in which the issue of possession is determined as soon as possible.
¶ 18. But here there was quite a bit of protraction. The first hearing was not until February 2011 — eight months after Richard was first summoned. And the “final judgment” that issued from that hearing was stayed to accommodate Richard’s claims of lack of notice. Though over the ensuing year and a half Richard was given ample opportunity to defend against SST’s claims, Richard never made assertions, let alone presented evidence, that contradicted SST’s allegation that he was in default under the loan agreement. Therefore, we find summary judgment was an appropriate means to determine the possessory rights to the RV.
¶ 19. “[S]ummary judgment roots out mere accusation and conjecture in favor of merit and ultimately functions to force a non-movant to present some modicum of material evidence.” Stuckey v. The Provident Bank, 912 So.2d 859, 866 (¶ 12) (Miss.2005). When forced to present material evidence to challenge the merits of SST’s claim, Richard brought none. So no full trial by the court on SST’s replevin was required. “Summary judgment cannot substitute for a trial to resolve disputes of material fact, but neither should a trial on undisputed material facts substitute for a summary judgment.” Wolf v. Stanley Works, 757 So.2d 316, 319 (¶ 8) (Miss.Ct.App.2000) (citing M.R.C.P. 56). After two and a half years and multiple hearings, the circuit judge was well familiar with the claims and documentary evidence in this case. See Miss.Code Ann. § 11-37-147 (Rev.2012) (directing all replevin actions to be tried by the court without a jury, unless one of the parties requests in writing a jury trial). Determining there were no material facts in dispute and SST was *116 entitled to possession of the RV as a matter of law, we find the judge’s use of Rule 56 supplemented — and was not inconsistent with — section 11-37-145’s requirement that replevins be resolved as early as possible.

B. Evidence in Support of Summary Judgment

¶ 20. This brings us to Richard’s second argument — that the circuit judge erred in granting summary judgment because SST, through the affidavits and exhibits attached to its motion for summary judgment, failed to prove it was entitled to possession of the RV as a matter of law.
¶ 21. As the moving party, to be entitled to summary judgment, SST had the burden to show through documentary evidence that there were no material facts in dispute and it was entitled to a judgment of possession as a matter of law. See M.R.C.P. 56(c). And as the replevin plaintiff, SST had the burden to prove it had the present right to the possession of the Lacostes’ RV. See Robinson v. Friendly Fin. Co. of Biloxi, 241 Miss. 239, 243, 130 So.2d 256, 257 (1961). SST did so primarily through the attached affidavit of its employee and agent authorized to speak on its behalf, Valerie Wedding. Through Wedding’s affidavit we learn that SST is the authorized servicing agent for JP Morgan Chase, successor by merger to Bank One. And the title to the RV shows that Bank One was the lienholder on the RV. So when Bank One merged into JP Morgan Chase, JP Morgan Chase became the lienholder of the Lacostes’ RV.
¶ 22. By written power of attorney — a copy of which Wedding attached to her affidavit — JP Morgan Chase authorized SST to receive payments from the La-costes and, in case of default, collect the collateral. According to SST’s records— also attached to Wedding’s affidavit — the Lacostes have been in default since September 2009, owing $62,642.34 on the principal alone.
¶ 23. Richard attacks the affidavit, saying it should have been stricken as non-compliant with Rule 56(e). While we review the grant of summary judgment de novo, Clark v. Moore Mem’l United Methodist Church, 538 So.2d 760, 762 (Miss.1989), we review the denial of a motion to strike an affidavit in support of summary judgment for abuse of discretion. Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 832 (¶ 51) (Miss.2009) (citation omitted). And here we find the judge did not abuse his discretion in not striking Wedding’s affidavit.
¶ 24. One of Richard’s criticisms of Wedding’s affidavit is that it did “not state that Wedding is authorized to make factual allegations on the affidavit on behalf of SST[J” But in her affidavit, Wedding attested she was an “authorized agent” of SST. Since she also represented that the facts to which she attested were within her personal knowledge and that she was legally competent to testify, Wedding’s affidavit met all the requirements of Rule 56(e).
¶ 25. Richard also criticizes the written power of attorney attached to Wedding’s affidavit. Though he claims it did not specifically list the Lacostes’ loan as one that SST was authorized to service, the power of attorney expressly covers “a certain recreational vehicle portfolio.” And Wedding attested it was within her personal knowledge that the Lacostes’ RV was part of that portfolio. Further, the fact Wedding had access to the Lacoste’s payment records and amortization schedule— which she attached to her affidavit — supports her assertion that SST had power of attorney from JP Morgan Chase to service the Lacoste loan. Cf. Brown v. Credit Ctr., Inc., 444 So.2d 358, 364 (Miss.1983) (holding that “an undisputed affidavit from *117 the creditor’s manager that the account is due and is unpaid[,] where accompanied by the account or ledger sheet which is obviously a business record, entitle[d] the creditor to summary judgment”).
¶ 26. Richard also complains that SST failed to show JP Morgan Chase actually merged with Bank One to become the lienholder on the RV. But the power of attorney explains that JP Morgan Chase is the successor by merger to Bank One. So we disagree with Richard that it is unproven or disputed that JP Morgan Chase is the current lienholder. JP Morgan Chase, by right of being successor lienholder, is entitled to possession of the RV. And SST, having been expressly authorized to repossess the RV on behalf of JP Morgan Chase, was authorized to initiate a replevin on JP Morgan Chase’s behalf. See Keefe v. City of Hollywood, 487 So.2d 311, 311 (Fla.Dist.Ct.App.1986) (holding that agent granted power of attorney by principal, who had right to possess personal property, could initiate replevin on principal’s behalf).
¶ 27. As the non-moving party to SST’s summary-judgment motion, Richard had a burden too — the burden of rebuttal. See Price v. Purdue Pharma Co., 920 So.2d 479, 485 (¶ 16) (Miss.2006) (citation omitted). Once SST satisfied its burden that no material factual disputes existed, the burden shifted to Richard to “set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). “Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment.” Brown, 444 So.2d at 364 (quoting Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013, 1015 (5th Cir.1967)).
¶ 28. We find Richard’s argument to be similar to the debtor in Brown, who “insist[ed] that, with respect to Credit Center’s claim on the ... note for the outstanding balance of $268.60, there are genuine issues of material fact. What those issues are, however, we know not.” Id. Like the debtor in Brown, Richard “offers no reason in law why the debt is not due and why judgment ought not be entered against [him] thereon. [He] is merely putting off the evil day of [repossession] as long as possible.” Id.
¶ 29. Because SST met its burden to prove no material facts were in dispute and that it was entitled as a matter of law to possess the RV on behalf of JP Morgan Chase, we affirm the grant of SST’s motion for summary judgment.
III. Award of Attorney’s Fees Under the Loan Agreement
¶ 30. As part of our holding, we also affirm the award to SST of $7,461.81 in reasonable attorney’s fees.
¶ 31. Richard suggests SST was not entitled to attorney’s fees because it failed to prove Richard’s actions in refusing to turn over the RV warranted punitive damages. It is true “that attorneys’ fees in a replevin action are not recoverable, except when punitive damages are allowed.” Standard Fin. Corp. v. Breland, 249 Miss. 413, 428, 163 So.2d 232, 239 (1964). But our replevin statute is explicit that an action for replevin “shall be cumulative and in addition to all other actions presently available at law or in equity.” Miss.Code Ann. § 11-37-157 (Rev.2012). SST’s request for attorney’s fees was not based on the replevin but instead on its separate claim for “attorney’s fees pursuant to the contract ]” — i.e., the loan agreement, which SST attached to its complaint, in compliance with Mississippi Rule of Civil Procedure 10(d).
¶ 32. Because SST’s right to attorney’s fees was in addition to its right to possess the RV, SST did not have to prove it was *118 entitled to punitive damages to be awarded attorney’s fees. As the circuit court found SST was indisputably entitled under the loan agreement to attorney’s fees and that the $7,461.81 in attorney’s fees was reasonably incurred while SST tried to collect the collateral, we find no error in the court awarding SST’s claim for fees under the loan contract.
¶ 33. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Gen. Motors Acceptance Corp. v. Fairley, 359 So.2d 1386, 1387-88 (Miss.1978).